### Hartwell *vs.* White and others.

Where a defendant in a foreclosure suit, who is proceeded against as an absentee, applies to be let in to defend, after decree and before a sale of the mortgaged premises, and does not swear to a defence on the merits, he must pay the costs already accrued, subsequent to the time for his appearance, and must also give security to pay the future costs of the suit if he does not succeed in his defence.

If the absentee swears to a good defence upon the merits, and states what it is, the court will not require him to pay costs, where he applies the first opportunity after he has notice of the proceedings against him, although the complainant denies upon oath that any such defence exists. But the court in such a case may require the absentee to give security to pay the costs already accrued, and the costs of the future litigation, if he shall not succeed in his defence.

December 10.     THE bill in this case was filed to foreclose a mortgage, and after a decree had been obtained, but before the sale of the mortgaged premises, White, one of the defendants against whom the bill had been taken as confessed as an absentee, applied to be let in to make a defence and to stay the proceedings upon the decree in the meantime; and in his petition he swore to a good defence to the suit and stated what that defence was. On the part of the complainant, affidavits were produced to show that the absentee had no such defence as was stated in his petition.

*C. B. Lansing,* for the complainant.

*A. Taber,* for the defendant White.

THE CHANCELLOR said the court could not try upon affidavits the validity of the defence stated in the petition; and that the affidavits on the part of the complainant could

only be received for the purpose of regulating the discretion of the court as to costs, as the absentee had a right to come in and defend upon payment of such costs as the court should deem reasonable. (8 *Paige's Rep.* 506.) He said that if the absentee did not swear to a defence upon the merits, the court would require him to pay the costs already accrued, subsequent to the time for his appearance, and to give security to pay the future costs of the suit in case he did not succeed in his defence. But if he swore to a good defence and stated what it was, and the complainant produced affidavits to show that no such defence existed, the court in its discretion might require the absentee to give security to pay the costs which had already accrued and the costs of the future litigation, in case he should fail in establishing a defence to the suit.