' By the Couet.
Duer, J.
Although the question of our jurisdiction is not the only question that we have considered, it' is the only one of those that have been argued that we shall now determine, and the question properly stated is this, whether we have any power as a Court of Equity, to restrain by a perpetual injunction, the collection- of the tax which it is alleged has been illegally imposed upon the plaintiffs?
It is true that in several of our reported cases the jurisdiction now questioned has been exercised by this court, but in Bond v. The Mayor, &o., (2 Sand. S. C. R. 552,) in the Sun Mutual Insurance Company v. The same, (5 Sand. 10,) and in Bartlett v. The same, (5 Sand. 44,) the question was not raised at all, either by the pleadings or upon the argument, and in the case of Douglas v. The same, (1 Duer, 110,) although the question was raised at Special Term, and the complaint then dismissed upon the sole ground of the want of jurisdiction, yet upon the appeal to the Greneral T$rm, the objection was expressly waived, and by the request of the parties, the cause was heard and decided upon the merits alone. ' The question, therefore, so far as this court is concerned, is entirely open.
If we are to be governed by the law as it existed and was administered before the Code, it really seems to us that the proper determination of the question is • free from a reasonable doubt. Either the decision of Chancellor Kent in Mooers v. Smedly, (6 John. Ch. R. p. 28,) of Chancellor Walworth, in Wiggin v. The Mayor, (9 Paige, 16,) and in Van Doren v. The same, (9 Paige, 368,) and emphatically that of the Court of Errors, in Meserole v. The Mayor, &c., of Brooklyn, (26 Wend. 132,) must be wholly disre *199 garded, or it must be admitted that they established the law, that a Court of Equity has no power to restrain by an injunction, or ' to set aside, the proceedings of a subordinate tribunal of special jurisdiction, upon the ground that it has threatened to exceed, or has exceeded its authority and powers as defined by law, but that the proper remedy of an aggrieved party, in all such cases, must be sought in a court of law. There may formerly have been, and may still be, some exceptions from this general rule, as where the effect of the proceedings sought to be restrained or annulled, would be to cast a cloud upon a title to real estate, or * where the interposition of the court is plainly necessary-taprévenj^ a multiplicity of suite, but it cannot be said, nor has it been ¡pretended, that tEe present case falls within any of the exceptions that have been supposed to exist. Hence, unless the Code has altered the law, and greatly enlarged the powers and duties of a Court of Equity, we must hold, that this demurrer is well taken, and that the complaint must be dismissed. "
Upon the fullest reflection, we find ourselves unable to agree in the opinion, that any such alteration of the law has been effected, or was designed to be effected by the Code. We cannot adopt the suggestion, for it is rather a suggestion than an opinion of our learned brother, by whom this demurrer was overruled, that this very important alteration of the law has resulted from the union in the same court of legal and equitable powers. It by no means follows that the bounds by which these powers have hitherto been separated, have been' effaced or altered, because the exercise of the powers has been confided to the same tribunal, and if any such consequence was intended by the Legislature, it is plain, that from its nature and importance it ought to have been, and we cannot but think, would have been explicitly declared. It is not an intention that we should have been left to gather by inference and conjecture, nor, as it seems to us, an intention that we can be justified in attempting to collect by any doubtful process of reasoning. We cannot, therefore say, that we have power to grant to an aggrieved party a relief purely equitable in its' character, in any case in which it is eertain that before the adoption of the . Code, his only remedy was by a proceeding or action at law. We cannot believe that we may now substitute .an injunction for a certiorari, mandamus, or prohibition, or an aetion *200 of trespass or assumpsit. It may be true, that if tbe plaintiffs shall be compelled to pay tbe tax of which they complain, they will be entitled to recover it back in an action at law, but we dare not go the length of saying that because the tax, if collected, will be recoverable, we have any right to prohibit its collection. "We cannot adopt a mode of reasoning that would land us in the conclusion that the counsel for the plaintiffs so earnestly pressed upon us, namely: that under the Code every wrong may be prevented by an injunction, that when committed may be redressed by an action. In other words, that we possess the same jurisdiction as a Court of Equity that we possess as a Court of Law, the only difference being not in the right to seek relief, but merely in the form of granting it; a doctrine which really means that the power of granting injunctions is subject to no restriction or limitation whatever; and which it, therefore, seems to us, needs no other refutation than its naked statement.
Eor ourselves, we must adhere to that construction of the Code which hitherto we have uniformly followed; and in some previous eases, have expressly declared, namely, that the Code has not enlarged or altered, in any respect, the power of the court to grant injunctions,in those cases,in which a permanent injunction is the relief demanded by the complaint, but that, in such cases, the right of the plaintiff to such relief, must still be determined by the rules of law that were in force when the Code was enacted. (Newstadt v. Joel, 1 Duer, 530.)
Adopting this construction, it is a necessary conclusion that the demurrer to this complaint ought to have been allowed. The judgment for the plaintiffs must, therefore, be reversed, and a judgment dismissing the complaint be entered for the defendants. We have to thank the counsel for the defendants for the MS. copy that he has furnished of the opinion of Mr. Justice Woodruff in a case, in all its material facts, not distinguishable from the present, (Wilson v. the Mayor, &c., of New York.) The opinion is certainly the ablest and frdlest examination of the question of jurisdiction, in all its aspects and bearings, that we have met with, and it clearly proves that it is not necessary that a party aggrieved by an illegal taxation shall have recourse, in any case, to a Court of Equity, since, in all, if he act promptly, *201 and under proper advice, be may have an adequate remedy in a court of law.
Judgment for plaintiffs reversed, and judgment ordered for defendants.