JACQUERSON *a.* VAN ERBEN.

*Supreme Court, First District; General Term, December,* 1855.

FILING OF COMPLAINT.—MISSTATEMENT OF DATE.

That a summons served by publication misstates the *day* of the month on which the
complaint was filed, is not an irregularity which affects the judgment.
But if the defendant is misled by the error, he may be relieved on the merits.

Appeal from an order at special term, denying a motion to
vacate a judgment for irregularity.

MITCHELL, J.—On the appeal the only objection made by the
defendant to the judgment is, that (the action being against
the defendants as non-residents) the complaint was filed on
September 22, 1854, and the summons published and dated on
September 23, 1854, stated that the complaint " has *this* day
been filed in the office of the clerk of the city and county of
New York." The Code (§ 135) requires the complaint to be first
filed in cases of publication, and that the summons must state
the time and place of filing. It does not say that it shall
state the day nor the hour, nor the part of the clerk's office in
which it was filed, but the time and place. The place is suffi-
ciently stated when the office of the clerk of the county is men-
tioned, and if it should add, with the deputy clerk, or the
chambers clerk, or special term clerk, and there should be an
error in this, it would not make the judgment irregular. As it
would be an error in a matter not required by the statute, and
would not mislead, it would not therefore be allowed to have
any effect. So, if the month of filing be stated, that is enough
to comply with the statute, and an error in stating the day does
not make void the judgment. If the defendant was misled by
it, he could have relief on the merits. Here the complaint was
*on file* on the twenty-third, the day mentioned, although it was
filed, in fact, on the twenty-second. The Code was sufficiently
complied with, and the order refusing to vacate the judgment
should be affirmed with costs.