ROBERT N. MARVIN, RESPONDENT, v. PHEBE BRANDY, APPELLANT, IMPLEADED WITH JOSEPH P. BRANDY AND OTHERS.

*Opening judgment of foreclosure — what is sufficient cause therefor, where an application is made by a defendant personally served out of the State under an order of publication.*

After a judgment of mortgage foreclosure and sale had been entered, a defendant in the action, who was personally served out of the State with a copy of the summons and complaint under an order of publication, applied after the expiration of six years and eleven months, and within the seven years after the filing of the judgment-roll, specified in section 445 of the Code of Civil Procedure, to have the judgment opened and be allowed to defend the action.

*Held*, that it was not incumbent upon the applicant to show any irregularity in the proceedings had against her, or any defect in the judgment from which she sought to be relieved.

That while an applicant is required to show sufficient cause for granting the application, yet where it appears that the applicant was sick when the foreclosure papers were served and did not realize what they were; that she had constantly claimed that she had never executed the mortgage, and, in her proposed answer, the applicant puts in issue the allegation of the complaint, as to the execution by her of the mortgage which was foreclosed, and she is supported by affidavits of regularity, a case is made which requires the granting of the application.

Where the statute plainly prescribes a time within which a thing may be done, it is not laches on the part of the litigant to make a motion, even at the latest period prescribed, where no intervening facts appear rendering it unconscionable that the application should be granted.

APPEAL by the defendant Phebe Brandy from an order of the County Court of Chautauqua county, entered in the office of the clerk of that county on the 19th day of June, 1889, denying the motion of the said defendant Phebe Brandy for an order opening the judgment theretofore entered in the above-entitled action, and for leave to the said Phebe Brandy to come in and defend this action.

The action was commenced to foreclose a mortgage purporting to have been made by Joseph P. Brandy and Phebe, his wife, to David Beatty, to secure the payment of the sum of $7,500. The summons was served on Joseph P. Brandy, August 20, 1883, within the State, and on Phebe Brandy, his wife, who did not appear in the action, in pursuance of an order of publication, without the State, on the 18th day of September, 1883. Judgment was subsequently entered, and on the 6th day of February, 1884, the mortgaged premises were sold to the plaintiff Robert N. Marvin. On the 3d day of June, 1889, the defendant Phebe Brandy, by her attorneys, made a motion before the county judge of Chautauqua county to have the judgment opened and for leave to answer. This motion was sent by the county judge to the special county judge, before whom the same was heard, on June 10, 1889, and the motion was denied by order of that date, with costs.

*E. R. Bootey* and *V. E. Peckham*, for the appellant.

*Cook, Fisher & Wade*, for the respondent.

MACOMBER, J.:

The motion of the appellant, Phebe Brandy, which was denied by the special county judge of Chautauqua county, was made under

section 445 of the Code of Civil Procedure, relating to the appearances and defenses of parties defendant in an action, who are served, not personally, but by order of publication. This section of the Code permits a party thus served without the State, to defend the action on application and sufficient cause shown : (1.) At any time before final judgment. (2.) After final judgment, at any time within one year after personal service of written notice thereof ; or (3.) If such notice has not been served, within seven years after the filing of the judgment-roll.

This action which was brought to foreclose a mortgage purporting to have been executed by the defendant, Joseph P. Brandy, and the appellant, his wife, to David Beatty, to secure a bond in the sum of $7,500, with interest, was begun in the month of August, 1883. The appellant was served personally in the city of Philadelphia with a copy of the summons and complaint under an order of publication. No defense being interposed by her, judgment was taken against all of the defendants on the 24th day of December, 1883, and the sale of the mortgaged premises was made on the 6th day of February, 1884. A report of such sale was subsequently made to the court, and the usual order of confirmation was granted.

No notice of the entry of the judgment was served upon the appellant. Her motion for leave to defend the action was made within the seven years mentioned in the statute. The learned special county judge, though writing no opinion in making his decision of the motion, has manifestly placed the denial of it upon the ground that the application was addressed solely to the discretion of the court, and that, in the exercise of such discretion, the motion, which was delayed for six years and eleven months, ought to be denied. The sole question is, whether this conclusion was correct or not.

It will be observed that the present Code has wrought a material change in the language of section 135 of the Code of Procedure. As the statute now reads, the application must be granted if sufficient cause be shown therefor. We are left somewhat in the dark as to what might, or might not, be deemed sufficient cause under the language of the statute ; but it is plain that if a case is presented where sufficient cause is actually shown for the interposition of an answer by a defendant thus served out of the State, the court has

no discretion in the premises but must grant the motion. On principle it would seem, where a limitation of time is given to defend, as by this section, namely, within one year after the service of the notice of the judgment, and, in the absence of such notice, within seven years, that the right to defend was absolute. It clearly is not incumbent upon the applicant to show any irregularity in the proceedings had against him, or any defect in the judgment from which he ought to be relieved. The fact must not be lost sight of that this is a jurisdictional question, and not merely one of procedure and practice, where the imperative "must" may be treated not as mandatory, as was done in the case of *Fleischmann* v. *Bennett* (79 N. Y., 579), where the question arose only upon an application for leave to file a supplemental complaint under section 544 of the Code of Civil Procedure. We do not understand the Court of Appeals there to intimate any decision which would warrant this court, where the question of jurisdiction and the right to defend is involved, to depart from a plain reading of the statute relating to service of process. An inspection of the decision referred to will show that there is nothing in the opinion of the Court of Appeals which would justify the general and sweeping head-note, beyond the proposition that an application for such relief must be upon notice.

As it seems to us, the cases arising under the Code of Procedure, such as *Roche* v. *Ward* (7 How. Pr., 416); *Jacquerson* v. *Ven Erben* (2 Abb. Pr., 315), and prior thereto, as *Hartwell* v. *White* (9 Paige, 368), have no application to the present Code; and that it is no longer necessary, to enable a defendant served out of the State to defend within the time limited by this section of the present Code, to show any irregularity or any defect in the proceedings to enable him to be let in to defend as a favor. This proposition does not by any means, however, relieve a party thus applying from showing sufficient cause for the granting of the application. Notwithstanding the positive and unmistakable language of the Code permitting a person thus to come in within the time already stated, if it should appear, for instance, that the applicant had been by his own acts or deeds estopped to make the application, or had knowingly enjoyed some of the fruits of the judgment, or that the proposed answer was frivolous, and other like reasons, there would be no ground for

granting the motion. In the case before us on this appeal it is established that the appellant, when served with the summons and complaint, was quite ill, and that she did not realize that the action had been brought for the foreclosure of this mortgage, though, of course, a close inspection of the papers would have shown her that such was the case. It is true she returned to the State of New York and lived in the city of Brooklyn for some time afterwards, but she had received no information that any judgment had been entered against her for several years after the rendition of the same. Indeed, she brought an action for the admeasurement of her dower in these mortgaged premises, and had been subsequently advised that she was liable to be defeated therein upon the ground of this judgment; whereupon this motion was made. While the judgment was outstanding and apparently regular and valid, no action for her dower could be maintained.

The proposed answer is a positive denial that this defendant executed the mortgage which was foreclosed in this action. Her own affidavit in addition shows that, not only did she claim consistently during these years that she had not executed the mortgage, but the further fact that she had been importuned to execute the same and had refused to do so, and that such importunity and such refusal had made such an impression upon her mind as there could be no doubt of the fact, according to her recollection. It is not necessary, however, to consider these facts, or those adduced in the affidavits which were filed in behalf of the plaintiffs, designed to show that the signature is that of this appellant; for a question of this grave importance should not in any event be tried upon affidavits. The proposed answer, putting in issue, as it does, the fact, without the existence of which no judgment could be properly taken against the appellant, is sustained by the facts heretofore stated, and it made a case, being supported by affidavits of regularity, which, in our judgment, required the County Court to grant the application; for there did not appear upon the hearing before that court any fact which could preclude the applicant, by any act of hers, from availing herself of the provisions of this statute. Under these facts no question of laches arises. Where the statute plainly prescribes a time within which a thing may be done, it is not laches on the part of the litigant to make a motion even at the latest period prescribed,

where no intervening facts appear rendering it unconscionable for the application to be granted.

But proper terms for granting the motion must be imposed. If our rendering of this statute is correct, it would be competent for the court to grant a motion of this character without imposing the costs when the same is made before final judgment; but after judgment, whether the motion be made within the one year after notice, or within seven years in the absence of notice, just terms must be imposed as a condition of opening the default. In this instance we think that the payment of the costs of the plaintiff, as contained in the judgment-roll, without interest, would be proper terms to be imposed as a condition of granting the motion.

The order should be reversed, with ten dollars costs and disbursements, and the motion granted on the payment of the costs as above indicated.

DWIGHT, P. J., concurred; CORLETT, J., concurred in result.

Order of the County Court of Chautauqua county reversed and motion granted on payment of taxed costs as entered in judgment-roll, without interest.