## BENJAMIN JAMES *vs.* CHARLES T. S. TOWNSEND.

A review of a judgment rendered against a defendant on his default in an action of which by a mistake in the service of the original writ, he had no knowledge until after judgment, may be granted on his petition filed within one year after he has notice of the judgment, although more than a year after the judgment was rendered, and although, when it was rendered, he was within the Commonwealth.

Whenever the presence of the defendant in a suit is not secured, either in fact, by his appearance, or constructively, by the service upon him of the summons to appear, a judgment rendered therein upon his involuntary default is rendered "in his absence," within the meaning of the Gen. Sts. c. 146, § 21, concerning petitions for writs of review.

PETITION filed October 23, 1869, for a review of a judgment recovered against the petitioner by the respondent in the superior court at October term 1867.

At the hearing, before *Morton,* J., it appeared " that the original writ was returnable to the superior court at October term 1859, and was served by a copy left at the last and usual place of abode of the petitioner in Worcester, on September 17, 1859; that the writ was duly entered in court at the term at which it was returnable, and the petitioner, not appearing, was defaulted, and the case continued for judgment from term to term till October term 1867, when judgment was rendered." It was admitted " that, when the writ was served, the petitioner had long' been, and was, a resident and living in Worcester, and was such resident in Worcester, and was within the Commonwealth, when such writ was served and when judgment was rendered, and has been ever since, and is now." The petitioner introduced evidence tending to show " that he never had any actual notice of the suit or of the judgment until within one year before the filing of the petition; that he had changed his residence to another house in the village where he lived, shortly before the service of the writ; and that the copy of the writ left by the sheriff might have been left at his former and not then abode;" and evidence to the contrary was introduced by the respondent.

The judge ordered that the petition be dismissed, on the ground that it was not seasonably filed; and the petitioner alleged exceptions.

*S. J. Thomas,* for the petitioner.

*C. T. Russell,* for the respondent, cited St. 1791, c. 17, § 2; St. 1820, c. 53; Commissioners' Rep. on Rev. Sts. c. 99, § 20, note; Rev. Sts. c. 90, § 53; c. 92, §§ 4–6, 10–12, 15; c. 99, §§ 17–20; Gen. Sts. c. 3, § 7, cl. 1; c. 112, §§ 11, 31; c. 123, § 26· c. 126, §§ 5, 17; c. 129, §§ 43–45; c. 133, §§ 1, 2, 4; c. 146, § 21; c. 150, § 15.

WELLS, J. We assume the facts to be as the testimony of the petitioner tended to show them. By mistake of the officer serving the process in the original suit, the copy was left at a place where the defendant had ceased to reside and he had in

fact no notice of the suit, and no knowledge of the judgment rendered therein, until within one year prior to the filing of this petition.   The statute limits the right of review to petitions filed within one year from the date of the judgment complained of; except that in case the judgment "was rendered in the absence of the petitioner and without his knowledge, the petition for review shall be filed within one year after he first had notice of the judgment."   Gen. Sts. c. 146, § 21.   In the opinion of a majority of the court, the present case comes within both the letter and the spirit of this exception.

The case has been so elaborately discussed in reference to collateral provisions of the General Statutes, as well as to the earlier statutes and the successive modifications thereof, that some review of the law upon this subject seems to be required. The respondent contends that the terms "in the absence of," as applied to a party in a suit, and "absent defendant," are co-extensive, and have acquired a special or technical meaning in the General Statutes, signifying absence from the Commonwealth; that otherwise they can have no meaning, in the section relating to reviews, which would not include in the exception all judgments rendered on default.

By St. 1791, c. 17, § 2, it was provided that reviews might be granted in all cases upon application made "within three years after the rendition of the judgment complained of."   St. 1820, c. 53, extended the time to three years after the party first had notice of the judgment, in case of a suit commenced when he was absent from the Commonwealth and had no notice thereof before the rendition of the judgment.   By the Revised Statutes the time in both cases was reduced to one year.   In c. 99, § 17, a writ of review, at any time within one year after judgment, is given " as of right, and without any petition therefor," in case of a judgment " upon the default of a defendant who is out of the state."   Although reference is made to the ninety-second chapter for the manner in which judgment is rendered, the language of this section does not permit its application to any of the cases provided for in c. 92, except those where the defendant is "out of the state."   This section contains the further

clause, " and no writ of review shall be issued in any other case, unless it shall be allowed upon petition, as hereinafter provided." Section 18, allowing a petition to be filed " within one year after the defendant shall first have notice of the judgment," in case the review is not prosecuted as of right, is limited to " the case mentioned in the preceding section ; " to wit, of a defendant absent from the Commonwealth. But § 20, following that which confers upon this court a general discretionary power to grant reviews upon petition, in all cases, is as follows : " If the judgment complained of was rendered in the absence of the petitioner, and without his knowledge, the petition for review may be filed at any time within one year after he shall first have notice of the judgment, otherwise it shall be filed within one year after the judgment was rendered."

The defendant contends that this section limits the right to file a petition for review, within one year after notice of the judgment, to precisely the same cases as are already provided for by § 18. If this were the intention of the statute, we think it would have been indicated either by some allusion to the previous section, or by the use of similar phraseology. In §§ 17 and 18, the application to defendants " out of the state " is made certain by distinct and appropriate language. The use of phraseology in § 20, of which the natural and obvious meaning is less restricted, indicates a corresponding intent in the provision. This inference is strengthened by reference to chapter ninety-two, " Of proceedings when the defendant does not appear and answer to the suit." It provides, first, for judgment upon default. Section 3 provides for continuance and further notice to the defendant, if he " is not an inhabitant or resident within the state, or if his residence is not known to the plaintiff nor to the officer serving the writ." Section 4 provides that, " When judgment is so rendered upon the default of an absent defendant," he shall be entitled to a review within one year, as f right. Section 5 allows a review in such case, when not prosecuted as of right, upon petition made within one year after notice of the judgment. It would seem that the term " absent defendant" in § 4 was intended to be applied to all those for

whom further notice was provided in § 3; namely, to one whose residence " is not known to the plaintiff, nor to the officer serving the writ," as well as to one not resident within the state. If so, then not only a review as of right within one year after judgment, but also a review upon petition within one year after notice of the judgment, is given by this chapter, to a defendant not served with process for the reason that his residence was not known, as well as to one who was out of the state.

Some doubt of this construction of the Revised Statutes would arise from the fact that by c. 99, § 17, a review as of right is explicitly limited to the case of a defendant who is out of the state, and the writ is forbidden to issue in any other case, unless allowed upon petition. But this difficulty is removed in the General Statutes, c. 146, either by alteration, or by legislative construction; and it is immaterial by which mode it is done. A writ of review, within one year after judgment, is given by § 20, " when judgment is rendered, as provided in chapter one hundred and twenty-six, upon the default of a defendant upon whom service has not been made by reason of his being out of the state, or his residence being unknown." It is clear that, under this section, the review as of right cannot be limited, as in Rev. Sts. c. 99, § 17, to defendants " out of the state." It is also manifest, especially upon reference to c. 126, § 6, that the right to have a review by writ without petition was intended to be based upon the want of service of the writ, either personal upon the defendant, or at his actual place of residence.

A review upon petition, when not prosecuted as of right, may be granted by the supreme court, " provided, that if the judgment complained of was rendered in the absence of the petitioner, and without his knowledge," the petition shall be filed within one year after he first had notice of the judgment, otherwise within one year after judgment was rendered. Gen. Sts. c. 146, § 21. Construing this section with reference to its connection, as well as by the obvious sense of the words used, we find no reason to interpret " absence " as meaning " out of the state " only. We think it was intended to apply to all cases of

default, without service of process, to which the preceding sec‑ tion applies. When the presence of the defendant is not se‑ cured, either in fact by his appearance, or constructively, by the service upon him of the summons to appear, a judgment ob‑ tained upon his involuntary default is, in legal intendment, rendered in his absence.

From this review of the statutes, we are satisfied that it was the intention of the legislature to give to every party the right to file his petition for a review within one year after notice of a judgment against him, whenever by any means or for any cause there was in fact no service of the process upon him and no notice of the pendency of the suit, so that he was deprived of an opportunity to appear and defend his rights in the original action.

At common law no judgment could be rendered against a party without his appearance in court to answer to the suit. If he failed to appear upon the first summons, further process was necessary to compel his attendance. 3 Bl. Com. 279. *Picquet v. Swan,* 5 Mason, 35. It is only by statute that judgment can be rendered upon default, against a party who has been duly served with the process of the court. It is the manifest purpose of the statutes upon this subject that a defendant shall, in some form, have actual personal notice of the pendency of proceedings against him before any judgment is rendered which shall absolutely and forever preclude him from an opportunity to avail himself of his rights in defence. Although the statutes allow service of process to be made by leaving " the original or a copy, as the case may be," at the " last and usual place of abode " of the defendant; yet if he is absent from the state and no personal service is made on him, or if the service is defective or insufficient, by reason of mistake as to the place where the summons ought to have been left, the court, upon suggestion thereof by the plaintiff, is required to order a continuance and further notice to the defendant. And in any case in which the defendant does not appear, the court may, in their discretion order the action to be continued and further notice given to him " in such manner as the court may direct." Gen. Sts. *c.* 126, § 6

We think that the right and the duty of the court are equally comprehensive and liberal, under the statutes authorizing the granting of reviews, for the protection of parties from the loss of their rights by the effect of judgments in suits of which they had no notice or knowledge. In such cases a judgment upon default is truly rendered " in the absence of" the party. Presence within the Commonwealth, without proper service of process or notice, does not give jurisdiction to the court. For the purposes of a review, the apparent jurisdiction arising from the return of service by the officer may be shown not to have existed in fact. *Brewer* v. *Holmes,* 1 Met. 288.

The judgment in this case appearing to have been rendered in his absence and without his knowledge, the petitioner was entitled to file his petition at any time within one year after he first had notice of it. The case must therefore stand for hearing, to determine whether the facts are as the petitioner's testimony tended to show them to be.            *Exceptions sustained.*