WILLIAM A. MATTHEWSON *vs.* JOHN S. MOULTON & another.

Suffolk    March 14. — May 7, 1883.    DEVENS & W. ALLEN, JJ., absent.

If a writ is served personally upon a defendant, he is constructively present in court, and a judgment rendered upon his default is not rendered in his absence, within the Gen. Sts. c. 146, § 21, allowing a petition for a review to be filed within one year after he first has notice of a judgment, rendered in his absence and without his knowledge.

PETITION to the Superior Court, filed December 7, 1881, alleging that the respondents, on December 30, 1879, brought an action against the petitioner, returnable at April term 1880 of the Superior Court, to recover a claim they had against him for $130 ; that on January 26, 1880, the petitioner, being insolvent, filed his petition in insolvency in the county of Middlesex, and due proceedings were had thereon; that on February 12, 1880, the respondents proved their claim in insolvency, and the same was allowed by the court; that the respondents entered

their action at April term 1880 of the Superior Court, and, upon the default of the petitioner, recovered judgment against him for a certain sum, upon which execution issued, which is still unsatisfied, and the judgment remains in force; that the petitioner received his discharge in insolvency on August 19, 1880; that the summons in the writ was not served upon the petitioner, and he had no knowledge or suspicion that the respondents intended to prosecute their claim to judgment; and that the judgment was obtained without his knowledge. The prayer of the petition was that the court would set aside the judgment and vacate the same, and stay and supersede the execution, and for such orders and decrees as the case might require.

At the hearing, before *Staples*, J., the respondents objected that the petition could not be maintained, because it was not brought within one year after the recovery of the judgment, on June 24, 1880. The petitioner moved for leave to amend his petition by alleging that the judgment was rendered in his absence, and he first had notice of the same within one year next before the filing of the petition; by adding a prayer that " this court will grant a review of said judgment and a supersedeas of said execution; " and by striking out of the petition the allegation in regard to the service of the summons, and inserting the following: " And, by accident and mistake, the petitioner failed to deliver to his attorney the summons of the writ in the original action, but supposed he had so delivered it, and expected his attorney would appear and suggest his insolvency in said action, and fully protect his rights in the same. And his attorney had no knowledge of the bringing or the pending of said action, and did not appear therein." The judge, on June 26, 1882, allowed the amendment to be filed, against the objection of the respondents.

It appeared that the petitioner had personal service of the writ in the original action; but he offered evidence tending to show that he brought the original petition within one year after actual knowledge of the judgment.

The respondents asked the judge to rule that the petitioner, having had personal service of the writ in the original action, was precluded from showing that the judgment sought to be reviewed was rendered in his absence and without his knowledge. The

judge refused so to rule, and ruled that the question as to whether the petitioner filed his petition for review within a year after his knowledge of the judgment was a question of fact, and that he was not precluded from showing that fact by the service upon him of the summons in the original action. The judge ordered the writ of review to issue; and the respondents alleged exceptions.

*J. Q. A. Brackett*, for the respondents.

*S. H. Tyng*, for the petitioner.

MORTON, C. J. It is not necessary to decide whether the plaintiff's amendment was properly allowed, because we are of opinion that, if the petition is to be treated as a petition for a review, it was filed too late, and therefore cannot be maintained. The judgment sought to be reviewed was rendered on June 24, 1880. The plaintiff's petition was filed on December 7, 1881. At the hearing upon the petition, it appeared that personal service of the writ in the action in which the judgment was recovered was made upon the plaintiff in review.

The statute provides that, "if the judgment complained of was rendered in the absence of the petitioner, and without his knowledge, the petition for review shall be filed within one year after he first had notice of the judgment, otherwise within one year after the judgment was rendered." Gen. Sts. *c.* 146, § 21. Pub. Sts. *c.* 187, § 22.

This statute was carefully considered in *James* v. *Townsend*, 104 Mass. 367. The precise point involved in the two cases is not identical, but the construction of the statute which the court adopted in that case is decisive of the case at bar. After a review of the statutes, the court says: "We are satisfied that it was the intention of the Legislature to give to every party the right to file his petition for a review within one year after notice of a judgment against him, whenever by any means, or for any cause, there was in fact no service of the process upon him, and no notice of the pendency of the suit, so that he was deprived of an opportunity to appear and defend his rights in the original action." But if a defendant has notice of a suit by due service of process upon him, he is constructively, and by legal intendment, present in court; and a judgment rendered upon his default is not rendered in his absence within the meaning of the statute.

This view of the intention and scope of the statute excludes the right of the petitioner to maintain his petition.

Personal service was made upon him in the original action; he had notice of it, and opportunity to appear and defend it; and his right to file a petition for a review was limited to one year after the judgment was rendered. *Exceptions sustained.*