*P. H. Hutchinson*, for the demandant.

*S. K. Hamilton*, for the tenant.

---

## PHILIP SMITH *vs.* BENJAMIN A. BROWN & others.

Middlesex.   Nov. 16, 1883. — Jan. 14, 1884.   C. ALLEN & HOLMES, JJ.,
absent.

If a writ is served personally upon a defendant, he is constructively present in court, and a judgment rendered upon his default is not rendered in his absence, within the Gen. Sts. c. 146, § 21, allowing a petition for a review to be filed within one year after he first has notice of a judgment, rendered in his absence and without his knowledge.

If the Superior Court grants a petition for a writ of review, which it had no jurisdiction to entertain, an objection to such jurisdiction, taken at the hearing upon the writ, is not too late.

PETITION to the Superior Court, filed March 18, 1882, alleging that, on March 7, 1881, the respondents recovered judgment against the petitioner for the sum of $639, damages, and $35.21, costs of suit, in an action of contract for use and occupation of certain land in Eastham; that an execution issued on said judgment, which was unsatisfied; that said judgment was rendered in the absence of the petitioner and without his knowledge; and that the petitioner first had knowledge of the judgment on March 13, 1882; that the petitioner was not indebted to the respondents in any sum whatever; that the petitioner occupied said land with the permission of one of the tenants in common

---

thereof, and without the objection of any co-tenant; that, after service of the writ and entry of said action, the petitioner employed one Jonathan Higgins, a counsellor at law, to defend him against the action, and Higgins duly appeared and filed an answer therein, denying the plaintiffs' right to recover; that, at about the time of filing said answer, Higgins had an interview with one W. H. Harrington, who made the plaintiffs' writ and was their counsel in the case, and Harrington told Higgins that he would investigate the case fully before proceeding with it, and that nothing should be done in the case in court without previously notifying Higgins; that Higgins frequently conferred with Harrington, these conferences and interviews between counsel continuing up to about December 10, 1881, and in all of said interviews Harrington spoke of said case as pending in court and to be tried at some future time; that on March 13, 1882, the petitioner was surprised to learn that judgment had been entered as above stated; that Higgins first had knowledge thereof on March 14, when Harrington informed him that the judgment was obtained without his participation or knowledge; and that the name of Harrington as counsel in said action appears on the docket of the court up to the final disposition of the case.

The prayer of the petition was that a *supersedeas* might issue for the return and cancelling of the execution, or the stay thereof; and that a review of the action might be granted. *Aldrich*, J., granted the petition.

Hearing, without a jury, before *Gardner*, J., who reported the case for the determination of this court, in substance as follows:

The defendants in review moved to quash the writ, and put in evidence, in support of their motion, the petition on which the review was granted, and the record of the proceedings in the former action. In addition to the facts stated in the petition, it appeared by the record, that, on March 29, 1880, the original writ in said action was duly served upon the plaintiff in review; that he duly appeared by his attorney, Jonathan Higgins, and filed an answer; that Mr. Higgins continued as counsel throughout the case; that the case was put upon the trial list, and a default was entered against the plaintiff in review when the

case was reached for trial, on February 23, 1881, and judgment was entered on March 7, 1881, upon which execution was first issued on November 28, 1881; and that, on the filing of the petition for review, notice was given to the defendants in review, and the parties were heard before *Aldrich*, J , and the defendants in review then objected that the court had no power or jurisdiction to grant the review; and that, upon the granting of the writ against their objection, no exceptions were taken.

Upon these facts, the defendants in review contended that the court now had no jurisdiction, because the original judgment was not rendered within one year before the filing of the petition for review, and because said judgment was not rendered in the absence of the petitioner, and without his knowledge. The judge overruled the motion to quash.

The case then proceeded to a hearing on the merits, and the defendants in review offered in evidence the same evidence produced on the motion to quash, which was admitted, against the objection of the plaintiff in review. The defendants in review rested their case; contended that the court had no jurisdiction, for the reasons above given; and asked the court to rule that the action could not be maintained. The judge refused the ruling asked for; found for the plaintiff in review; and ordered judgment for him for an amount equal to the original judgment, both damages and costs, and interest from the date of the original judgment, as damages, and ordered this judgment to be set off against the other.

If the action in review could not be maintained, the judgment and order were to be set aside, and the writ of review quashed; otherwise, the judgment and order to be affirmed.

*W. A. Munroe*, for the defendants in review.

*G. A. King*, for the plaintiff in review.

MORTON, C. J. The Superior Court had no jurisdiction to entertain and hear this writ of review. This question was adjudged in the case of *Matthewson* v. *Moulton*, 135 Mass. 122, which is decisive of the case at bar. As the court had no jurisdiction of the cause and subject matter, the objection taken at the trial of the writ of review was not too late. *Santom* v. *Ballard*, 133 Mass. 464, and cases cited.

*Writ of review quashed.*