JEROME F. MANNING *vs.* EDWARD B. NETTLETON.

Worcester. Sept. 28, 1885. — Jan. 6, 1886. FIELD, C. ALLEN, & GARDNER, JJ., absent.

A judgment was rendered for costs on a nonsuit of the plaintiff in an action in which the defendant was summoned to answer "unto M., next friend of H., a minor." M. entered the action, and appeared in it as the attorney for the plaintiff. Eleven years after the judgment was rendered, M. filed a petition for a review of the judgment, alleging that it should have been rendered against H., and not against M.; and that he had no knowledge that the judgment was against him until within one year before filing his petition. *Held,* that the judgment was not rendered "in the absence of the petitioner," within the Pub. Sts. *c.* 187, § 22; and that the petition was filed too late.

W. ALLEN, J. This is a petition, filed in 1883, for a review of a judgment rendered in 1872. The Pub. Sts. *c.* 187, § 22, provide that, "if the judgment complained of was rendered in the absence of the petitioner and without his knowledge, the petition for review shall be filed within one year after the petitioner first had notice of the judgment, otherwise within one year after the judgment was rendered." The judgment complained of was for costs on a nonsuit of the plaintiff in an action in which the present respondent was summoned to answer " unto Jerome F. Manning, next friend of Julius Henley, a minor." The petitioner is the Jerome F. Manning named in the writ, and he entered the action and appeared in it as the attorney for the plaintiff. The petition alleges that the judgment should have been entered against Henley, and not against the petitioner; and that the petitioner had no knowledge that the judgment was against him until within one year before filing his petition.

It is very clear, upon these facts, that the judgment was not rendered in the absence of the petitioner; and that the petition is too late. *James* v. *Townsend,* 104 Mass. 367. *Matthewson* v. *Moulton,* 135 Mass. 122. *Smith* v. *Brown,* 136 Mass. 416.

It is argued that the petitioner was not a party to the suit, and, not having been present when the entry of the judgment was made by the clerk, and not having actual knowledge that the judgment was against him, it must be deemed to have been rendered in his absence, as if it had been entered by the clerk

against an attorney, or any stranger to the suit. But a stranger to the suit could not have a review of the judgment; his remedy would be by writ of error. *Hart* v. *Huckins*, 5 Mass. 260. *Bowditch Ins. Co.* v. *Winslow*, 3 Gray, 415. See also *Fullam* v. *McKenny*, 16 Gray, 579.            *Petition dismissed.*

*W. A. Gile*, for the petitioner.

*F. A. Gaskill & P. S. Maher*, for the respondent.