TRUSTEES OF AMHERST COLLEGE *vs.* FRANCIS R. ALLEN.

Suffolk.    December 10, 1895. — January 4, 1896.

Present: FIELD, C. J., ALLEN, HOLMES, KNOWLTON, & LATHROP, JJ.

*Bill in Equity to enjoin Enforcement of Judgment.*

A bill in equity to enjoin the enforcement of a judgment at law will not lie, if it appears that the defendant in the action at law failed to make a proper defence through the negligence of his attorney, and there was no fraud on the part of the plaintiff in that action, and no accident or mistake.

BILL IN EQUITY, filed June 25, 1895, to enjoin the defendant from enforcing a judgment and execution against the plaintiff. The bill alleged that before April, 1894, the defendant

made a claim upon the plaintiff for alleged services rendered, which claim the plaintiff refused to pay ; that the defendant brought an action against the plaintiff in the Superior Court in April, 1894; that service of the writ was made upon the plaintiff's treasurer, who gave the copy to the plaintiff's attorney ; that said attorney by oversight failed to enter an appearance, and did not become aware of such oversight until a few days before the filing of the present bill ; that judgment by default was entered therein, and that the defendant, knowing that the plaintiff had a good defence, and that if the plaintiff became aware of the default it would move to have the same removed, or would file a petition for review, " fraudulently and for the purpose of preventing the plaintiff corporation from making its defence, and with the purpose of thereby obtaining money to which he had no just claim, concealed said default for the period of more than a year, in order that the time allowed by statute for filing petitions for review might expire, while the plaintiff corporation remained in ignorance of said judgment by default," and did not notify the plaintiff of the judgment and execution until May 17, 1895.

The defendant demurred for want of equity. Hearing before *Holmes*, J., who was of the opinion that the bill should be dismissed, but, at the request of the plaintiff, reported the same for the consideration of the full court.

*H. D. Hyde & S. Williston*, for the plaintiff, submitted the case on a brief.

*F. M. Copeland*, for the defendant.

FIELD, C. J.  The judgment rendered in the action in the Superior Court was not " rendered in the absence of the " present complainant, within the meaning of Pub. Sts. c. 187, § 22. *James* v. *Townsend*, 104 Mass. 367.  *Matthewson* v. *Moulton*, 135 Mass. 122.  *Smith* v. *Brown*, 136 Mass. 416.  *Manning* v. *Nettleton*, 140 Mass. 421.  *Riley* v. *Hale*, 146 Mass. 465.

It is said that writs of review are unknown to the common law, and have been adopted in civil proceedings at law in this Commonwealth by statute from the practice in equity. *Burrell* v. *Burrell*, 10 Mass. 221.  Gray's argument in *Bowditch Ins. Co.* v. *Winslow*, 3 Gray, 415.  We doubt whether, on the facts stated in this bill, if it had been brought as a petition for a writ of

review within a year after the rendition of the judgment, this court would have granted a writ of review. In *Sylvester* v. *Hubley*, 157 Mass. 306, the court say : " It is true, as a general rule, that a review should not be granted when the petitioner's only cause of complaint grows out of the negligence or misconduct of his attorney, but he should be left to seek his remedy against him who is responsible for the wrong. Any other rule would tend to fraud and to laxity of practice, greatly to the detriment and delay of honest suitors. On the other hand, we are not prepared to lay down an absolute rule of law that in no case can a review be granted where the error complained of was due to the negligence or misconduct of the petitioner's attorney. A case might be supposed in which such a rule would work great injustice. The statute gives the court power to prescribe such terms in granting the review as will reasonably protect the interests of the respondent. It was evidently the purpose of the Legislature to give the court much latitude in determining what justice requires in each particular case."

The complainant's bill was brought to enjoin the defendant from enforcing the judgment at law, and the complainant relies especially upon *Currier* v. *Esty*, 110 Mass. 536 ; but that case is distinguishable from the present. It shows, however, that, notwithstanding our statutes relating to writs of review, suits in equity can be maintained for enjoining defendants from enforcing judgments at law.

The present bill sets out no fraud in obtaining the judgment on the part of the present defendant, and the only suggestion of fraud is that the present defendant did not notify the present complainant of the entry of judgment, or take out execution, until after the expiration of a year from the entry of judgment, and that this was done in order that the present complainant might not petition for a writ of review. These alleged facts do not constitute fraud, because there is no violation of any duty. The amount of the judgment is not set out in the bill, and it is consistent with the allegations of the bill that it is for a small sum on a claim for the value of personal services rendered to the present complainant. The alleged ground of defence is not set out clearly and definitely, and the only excuse given for not appearing in the action is that the attorney

of the present complainant by " oversight failed to enter an appearance." Apparently for more than a year after judgment had been rendered in the action at law the present complainant and its attorney neglected to make any inquiry about the action. The general rule is that courts of equity will not enjoin the enforcement of judgments at law where the defendant in the action at law has failed to make a proper defence through the negligence of himself or his attorney, and where there has been no fraud, accident, or mistake. *Crim* v. *Handley,* 94 U. S. 652. Freem. Judgments, (4th ed.) § 112. Dan. Ch. Pract. (6th Am. ed.) 1625. High, Injunctions, §§ 112 *et seq.* Without laying down a hard and fast rule for every case, we see nothing in the present bill to take it out of the general rule, and are of opinion that it should be dismissed.

*So ordered.*