WILLIAM J. CORBETT vs. MICHAEL CRAVEN.

Hampden.    September 24, 1907. — October 15, 1907.

Present: KNOWLTON, C. J., MORTON, BRALEY, SHELDON, & RUGG, JJ.

*Practice, Civil*, Equitable replication.  *Equity Jurisdiction*, Mistake.  *Res Judicata.*

A plaintiff in an action at law who wishes to claim equitable rights in a replication under R. L. c. 173, § 32, must state in his replication that he seeks equitable relief which otherwise would not be open to him in such an action.

The kind of mistake which is a ground for equitable relief is a mutual mistake of the parties, and not a mistake of one of them.

In an action at law, where a decree in a previous suit in equity brought by the plaintiff's predecessor in title against the same defendant had been held to be a bar as an adjudication of the same issues, the plaintiff sought to avoid the effect of the adjudication by filing a replication under R. L. c. 173, § 32, and introducing evidence thereunder to show that his predecessor in title when he brought the suit in equity, and the plaintiff himself when he brought his action at law, were ignorant and mistaken as to material facts involved in the suit in equity as the issues were stated in the pleadings and were determined in the final decree.  The matters relied on were that the plaintiff in the suit in equity, who was a trustee in bankruptcy, was ignorant of some of the facts when he filed his bill, that the bankrupt, whose title he took as trustee and under whom the defendant claimed, declined by advice of counsel to give the plaintiff information and that afterwards the defendant in good faith made some statements which proved to be incorrect.  *Held*, that these facts afforded no ground for interference with the decree.

One, who sets up a former adjudication upon a different cause of action between the same parties as a bar to an opposite adjudication in the pending case, in order to establish such a bar, must show either from the record alone or from the record supplemented by other evidence that the same issue was considered and was determined upon its merits in the former suit.

KNOWLTON, C. J.  In the decision of this case, reported in 193 Mass. 30, it was held that, upon the conceded facts, the plaintiff's cause of action was barred by an adjudication in a suit in equity brought by the plaintiff's predecessor in title.  In a second trial the plaintiff sought to avoid the effect of this adjudication by evidence that the plaintiff in the suit in equity, and he himself, who acquired his title soon after the suit was brought, were ignorant and mistaken as to material facts involved in the case as it was stated in the pleadings and determined by the final decree.  This was an attempt to obtain relief from an adverse decree in equity, not by proceedings to set aside the de-

cree, but by a collateral attack upon it in an action at law. This on its face was irregular. The ordinary remedy, when a decree is improperly entered, is by a bill of review. If, through lapse of time or for other reasons, this remedy is not available, there may be relief by way of an injunction in equity, if justice demands it, and there is no other way open. *Currier* v. *Estey*, 110 Mass. 536. *Amherst College* v. *Allen*, 165 Mass. 178. Instead of bringing a bill in equity, the plaintiff filed a replication averring the facts relied on. Equitable relief can be given in an action at law only under the R. L. c. 173, §§ 28, 32. A defendant who wishes to set up an equitable defence, or a plaintiff who wishes to claim equitable rights by a replication under this statute, should put his pleadings in such a form as to show that he seeks equitable relief which otherwise would not be open to him in such an action. *Sherman* v. *Galbraith*, 141 Mass. 440, 442. *Mason* v. *Mason*, 140 Mass. 63, 65. *Barton* v. *Radclyffe*, 149 Mass. 275, 280. If, under a liberal construction of the statute, we hold that this replication is sufficient in this particular, we come to other considerations.

The matters relied on amount to nothing more than that the plaintiff in the first suit was ignorant of some of the facts when he filed his bill, and that the bankrupt, whose title he took as trustee, and under whom the defendant claimed, declined, by advice of counsel, to give the plaintiff information, and that afterwards the defendant made some statements which proved to be incorrect. There was no offer to prove that these statements were made fraudulently, there is no suggestion that there was any accident in connection with the bringing of the suit, or with the trial, or the decision of the case, such as would constitute a ground for equitable relief, nor any mutual mistake of the parties that entered into any action which they took together. The case is very different from *Currier* v. *Estey*, 110 Mass. 536, on which the plaintiff relies. In that suit the judgment was founded on an agreed statement of facts, believed by the court to be true, which was incorrect in a very important particular, about which the parties, when they made their agreement and for a long time after the entry of the judgment, were mutually mistaken. In the present case, as in *Amherst College* v. *Allen*, 165 Mass. 178, the facts show no ground for interference with the decree. If

misunderstanding or ignorance of some of the material facts by one of the parties, and the refusal of the other to give information, upon inquiry, were a ground for setting aside judgments rendered after a trial in court, the doctrine *res judicata* would be of little practical importance. The ruling on this part of the case was correct. The kind of mistake which is a foundation for equitable relief is a mutual mistake of the parties, not a mistake of one of them. *Page* v. *Higgins*, 150 Mass. 27, and cases cited.

The bill of exceptions states that the plaintiff offered " the record of the judgment in the equity suit of Corbett v. Craven," and certain other evidence connected with it. There is no previous reference to any such suit in the bill of exceptions, nor anything to show what the suit was about, if there was such a suit. The record offered in evidence and excluded is not made a part of the bill of exceptions, and, construing the bill strictly, there is nothing before the court which gives us any important information about it. The only previous reference to it in the record is found in the plaintiff's replication, as follows: " And now comes the plaintiff, and in reply to that part of the defendant's answer which sets up a former judgment as a bar, says that the defendant is precluded from pleading said former judgment in this action because, in a former proceeding between the same parties, to wit, a bill in equity brought by the plaintiff against the defendant in this court, involving title to goods and chattels acquired in the same transaction upon which plaintiff bases his title to the goods and chattels sued for in this action, the defendant, after putting such former judgment in evidence asked the court for a ruling that it was a bar to said bill in equity, and because it was adjudicated and decreed by said court that said former judgment was not a bar, and the defendant abided by said adjudication and decree." At the argument the clerk, in the presence of counsel, handed us a certified copy of the record of such a suit, and if we treat it as a part of the bill of exceptions, we are to consider the offers of proof numbered two, three and four, in connection with it. If the proof had been established, the court would have had before it a bill in equity filed and finally disposed of, later than the bill referred to in 193 Mass. 30, involving the title to certain machinery no part of

which is the subject of the present action, but which was a part of that covered by the sale to the plaintiff upon which he relies for his title to the property described in this action. It would appear that, at the trial of the equity suit of Corbett *v.* Craven, the defendant offered the judgment in the earlier suit as evidence, and examined two witnesses as to the description of the property, that he then asked the judge to rule that the former judgment — meaning, we suppose, the decree in the earlier suit in equity — was a bar to the later suit in equity, that the judge declined so to rule and ruled to the contrary, and the defendant did not appeal from the subsequent adjudication and decree for the plaintiff. This offer of evidence in the present action was an attempt by the plaintiff to avoid the effect of the adjudication in the first suit, as a bar to the present claim, by showing that, in a later suit involving similar questions, there was a decision that the adjudication was not a bar.

In the first place, the copy of the record of the second suit, handed us by the clerk, shows that the defendant failed to plead the former adjudication, and that his answer contains no reference to it. This would be a sufficient reason for ruling that the adjudication could not be considered and was not a bar to the second suit. Moreover, it does not appear that, in the trial of the second case, it was proved that the machinery in question was a part of that included in the sale on which the plaintiff now relies. The offer in the last trial was to prove that it was a part of it. But as to what occurred at the trial of the second suit, the only offer was to show that two witnesses were examined in regard to the description of the property. For both of these reasons the offer failed to show that the court, at the trial of the second suit, determined the same issue which was involved in the trial of the present case.

In order to avail one's self of a former adjudication on an issue in another suit upon a different cause of action as a bar to an opposite adjudication in a pending case, it must appear, either from the record alone or from the record supplemented by other evidence, that the issue was considered and determined by the court upon the merits. *Foye* v. *Patch*, 132 Mass. 105. The plaintiff's offer of proof did not go far enough to establish that proposition.

We do not find it necessary to consider the question whether, when the record fails to show that the issue determined in a former case was the same as that to be determined in the case before the court, and this can be proved only by parol evidence, a party can avail himself of a former adjudication, if the testimony introduced to show what it was proves that it was erroneous in law.

*Exceptions overruled.*

*C. T. Callahan*, for the plaintiff.

*C. G. Gardner*, (*C. L. Gardner* with him,) for the defendant.

