OSCAR J. GAGNON *vs.* HERBERT AINSWORTH & another.

Bristol. October 25, 1932. — June 29, 1933.

Present: RUGG, C.J., CROSBY, WAIT, DONAHUE, & LUMMUS, JJ.

*Contract,* Building contract, Validity, Implied. *Pleading, Civil,* Declaration. *Practice, Civil,* Amendment after rescript.

Where the building code of a city provided that the width of foundations of buildings constructed of wood should be sixteen inches and of buildings constructed of brick eighteen inches, but contained no provision as to the width of foundations of buildings constructed of cinder blocks, which are heavier than wood and lighter than brick, a contract in writing for the construction of a building of cinder blocks on a foundation nine inches in width was not illegal nor unenforceable by the contractor.

An action by a building contractor for $500, alleged to be due upon a contract in writing for the construction of a house for the defendant, was heard by an auditor whose findings of fact were to be final, and upon his report by a judge without a jury. It appeared that, due to improper workmanship, allowances to the defendant amounting to $63 should be made from the contract price; that there was no lack of good faith on the part of the plaintiff or of intentional departure by him from the terms of the contract; and that the issues which would have been raised if the declaration had been upon a *quantum meruit* had been fully tried. The judge ordered judgment for the plaintiff in the sum of $437. Upon appeal by the defendant, it was *held,* that

(1) The rule in this Commonwealth is that there can be no recovery on a count based solely on a building contract unless complete performance is proved;

(2) In the circumstances, the above rule of law did not require a new trial as to the facts, although it did make necessary an amendment of the declaration into a claim upon a *quantum meruit* to permit recovery by the plaintiff; and leave to make such amendment was given.

CONTRACT. Writ in the Second District Court of Bristol dated September 3, 1931.

The declaration is described in the opinion.

On removal to the Superior Court, the action was referred to an auditor whose findings of fact were to be final. From the auditor's report it appeared that two items in the account annexed to the second count of the declaration included an extra charge for increasing the width of the foundation walls from nine to twelve inches in the circumstances described in the opinion, and that the auditor allowed that charge. Other material facts found by the auditor are stated in the opinion.

In the Superior Court, the action was heard by *Walsh*, J., without a jury. The judge ordered judgment for the plaintiff in the sum of $1,221.33 and interest. The defendants appealed.

The case was submitted on briefs.

*W. M. Sullivan & A. S. Sherwin*, for the defendants.

*J. E. Lajoie*, for the plaintiff.

DONAHUE, J. The plaintiff, who made a written contract with the defendants for the erection of a house on their land in Fall River, has brought suit seeking to recover under the first count of the declaration the unpaid balance of the contract price and under the second count for extra labor and materials furnished. The case was heard by an auditor whose findings of fact were, by the terms of the order of reference, made final. *Manning* v. *Woodlawn Cemetery Corp.* 239 Mass. 5, 9. *Merrimac Chemical Co.* v. *Moore*, 279 Mass. 147. The auditor found for the plaintiff on each count of the declaration and a judge of the Superior Court ordered the entry of judgment for the plaintiff on the auditor's report, from which order the defendants have appealed.

1. The contract provided that the walls of the building should be constructed of cinder blocks and that the width of the foundation walls should be nine inches. After work on the foundation had begun the inspector of buildings of the city ordered the plaintiff to increase the width of the foundation walls to twelve inches. The parties thereupon discussed the cost of constructing the foundation walls with a width of twelve inches and the defendants agreed to pay the plaintiff a fair charge for the extra work and ma-

terial required by the change. The foundation walls built by the plaintiff were twelve inches wide. The building when constructed was inspected and approved by the inspector of buildings. The building code of the city of Fall River provides that the width of foundations of buildings constructed of wood shall be sixteen inches and of buildings constructed of brick eighteen inches. It contains no provision as to the width of the foundations of buildings constructed of cinder blocks, which material the auditor found was heavier than wood and lighter than brick. The defendants contend that the plaintiff cannot recover because the contract called for a width of foundation wall which was illegal. While acts prohibited and penalized by building laws are illegal and a contract for the performance of such acts is not enforceable, *Eastern Expanded Metal Co.* v. *Webb Granite & Construction Co.* 195 Mass. 356, no such case is here presented. A building law "being penal in nature and in derogation of common right, is not to be enlarged beyond its plain import, and as a general rule is strictly construed." *Commonwealth* v. *Hayden,* 211 Mass. 296, 297. We cannot write into the building code a provision which its framers did not see fit to put there. The contract, upon which the first count of the declaration is based, was not an illegal contract.

2. The first count of the declaration alleges that the plaintiff performed the written contract and that he is entitled to receive $500 which was the unpaid balance of the contract price. The defendants' amended answer contains a general denial and, among others, the allegation that the plaintiff "failed to construct said house in a good and workmanlike manner." The auditor found that "window and door jambs have spread, due to improper workmanship," that there should be allowances made of $53 on that account and $10 for repairing ceilings, and that the plaintiff is entitled to recover $437 on the first count. The rule in this Commonwealth, which has been consistently followed, is that there can be no recovery on a count based solely on a building contract unless complete performance is proved. *Cutter* v. *Arlington Construction Co.* 268 Mass.

88, 92, and cases cited. In this case we do not think that the rule requires a new trial as to the facts although it does make necessary the amendment of the first count of the declaration in order to permit recovery by the plaintiff thereon. The report shows that the defendants were permitted to offer evidence of improper workmanship becoming manifest after the house was completed and accepted by the defendants. There is nothing to indicate that any limitation was put upon the introduction of evidence of improper workmanship or materials or that the finding of the auditor on the first count does not fairly represent the balance of the amount of net benefits received by the defendants from the plaintiff under the written contract. The facts found by the auditor show no lack of good faith on the part of the plaintiff or intentional departure by him from the terms of the contract. There was substantial although not complete performance. The issues raised if the first count were in the form of a *quantum meruit* seem to us to have been fully and fairly tried. (*Pizer* v. *Hunt*, 253 Mass. 321, 331. *Bucholz* v. *Green Bros. Co.* 272 Mass. 49, 55.) It appears to us that the plaintiff should be given the opportunity to present a motion to amend the first count in the declaration so that the pleadings may conform to the proof. The plaintiff is given leave within thirty days after the date of the rescript to file in the Superior Court a motion for an appropriate amendment to the first count of the declaration so that it may conform to the proof; if such motion is filed, judgment for the plaintiff is to be entered on the auditor's report on such amended first count; if such motion is not filed, judgment is to be entered for the defendants on the first count of the declaration. In any event judgment on the auditor's report is to be entered for the plaintiff on the second count of the declaration.

*So ordered.*