## HAROLD R. ROBINSON vs. LYNDONVILLE CREAMERY ASSOCIATION.

Suffolk.    December 8, 1932. — November 27, 1933.

Present: RUGG, C.J., CROSBY, PIERCE, FIELD, & LUMMUS, JJ.

*Review, Writ of. Trustee Process. Scire Facias. Practice, Civil, Appeal;*
Auditor: findings.

An appeal lies to this court from an order of the Superior Court, which
was entered after a hearing of a petition for a writ of review upon the
pleadings and the report of an auditor to whom the case was referred
under a rule requiring that his findings of fact should be final, and
which directed that the writ issue to review a judgment by default
upon scire facias against a trustee in trustee process.

Statement by RUGG, C.J., of the salient features of the writ of review,
namely:

(1) It is a new action and not a further step in the action sought
to be reviewed;

(2) The granting of it rests largely although not exclusively in the
discretion of the trial judge, which should be exercised in such a way
as to promote an orderly and proper administration of justice, and
not to encourage carelessness, ignorance, undue delay, or perversity in
the conduct of cases in the courts;

(3) It cannot rightly be granted unless the petitioner shows that he
has a cause which is worthy of judicial investigation because it raises
either a substantial question of law meriting a decision or a real con-
troversy as to material facts, and which requires the further attention
of the court.

A writ of review lies to review a judgment by default upon a scire facias
against a trustee in trustee process.

A trustee named in trustee process appeared and answered "no funds."
The defendant was defaulted. The trustee failed to answer inter-
rogatories propounded to him by the plaintiff and was defaulted.
Judgment was entered and execution issued against the defendant and
the trustee in October, 1928, and demand was made on the trustee.
The execution not being satisfied, scire facias was brought against the
trustee which was not served on him although the officer erroneously
returned that it was. On the strength of that return, the trustee was
defaulted in scire facias and judgment was entered against him in
December, 1928. The trustee, after learning of the judgment in scire
facias, filed a petition for a writ of review thereof. *Held*, that a finding
was warranted that the petitioner presented a cause worthy of judicial
investigation.

An auditor, who heard the petition for review above described under a

rule directing that his findings of fact should be final, found that in February, 1929, the attorney for the plaintiff in the original action sent to the trustee, and in March, 1929, sent to the trustee's attorney, letters stating that he held an execution for a specified amount in favor of his client against the petitioner and demanding payment, but containing no allusion to the nature of the proceeding in which the execution issued nor any mention of the scire facias proceeding; that such letters did not contain sufficiently definite reference to the scire facias to bring it to the consciousness of either the petitioner or his attorney; that both the trustee and his attorney thought that the letters referred to the original action; and that the first actual notice to the trustee or his attorney of the judgment in scire facias was on May 9, 1930. The auditor stated that his conclusion was based not only "upon the letters themselves but upon the surrounding circumstances," and that the trustee, who, it appeared, testified, was "intelligent, not ignorant or illiterate and is under no disability which prevents him from being capable of exercising reasonable care and diligence with respect to an action brought against him in court." The petition for review was brought in November, 1930. *Held*, that

(1) The auditor's findings must be accepted as true;

(2) The petition for review was brought within one year after the petitioner had notice of the judgment which was sought to be reviewed, as required by G. L. (Ter. Ed.) c. 250, § 22.

A ruling was not required that the petitioner for review in the circumstances above described had been guilty of conduct with respect to the litigation so reprehensible from a legal point of view as to bar relief,

(1) From the mere fact that the petition for writ of review was not filed for six months after positive knowledge by the petitioner of the judgment in scire facias;

(2) Nor from the fact that the petitioner had not answered the interrogatories put by the plaintiff to him as trustee in the original action: he had a right to make his defence as trustee when sued in scire facias;

(3) Nor from the fact that he had defaulted in paying the original execution on demand: such default was not culpable because the simple default as trustee did not render him absolutely liable;

(4) Nor from the fact that the petitioner had lived at six different addresses since June, 1928, without notifying his own attorney or the respondent of any change in his address: such fact, although not suggestive of the highest good faith, did not of itself show an attempt to avoid service of process or inquiries concerning his financial relations with the principal defendant in the original action, nor compel the inference of intentional wrong;

(5) Nor from the fact that the petitioner failed to file a bond for the issuance of a writ of supersedeas, such failure having no direct relation to the judgment sought to be reviewed;

(6) Nor from all the above facts taken together.

The delay that had ensued after the judgment in the original cause did not show any hardship or injustice to the respondent in the circumstances above described.

PETITION, filed in the Municipal Court of the City of Boston on November 19, 1930, for a writ of review.

On appeal to the Superior Court, the petition was referred to an auditor under a rule requiring that his findings of fact should be final. Material facts found by him are stated in the opinion. After a hearing upon the auditor's report by *Sisk*, J., the writ was ordered issued. The respondent appealed.

*J. S. Ellis*, for the respondent.

*A. Mehlinger*, for the petitioner.

RUGG, C.J. This is a petition for a writ of review of a judgment in scire facias recovered by the respondent against the petitioner. In the Superior Court it was referred to an auditor, whose findings of fact were to be final. Upon the filing of the auditor's report and after hearing, an order was entered granting the writ of review. The respondent appealed.

The case is properly here on appeal. The auditor's report was in effect a case stated. *Merrimac Chemical Co.* v. *Moore*, 279 Mass. 147, 152. It falls within one of the classes of cases in which appeal is available. G. L. (Ter. Ed.) c. 231, § 96. *Samuel* v. *Page-Storms Drop Forge Co.* 243 Mass. 133. *Favale* v. *Siegel*, 275 Mass. 309. *Gagnon* v. *Ainsworth*, 283 Mass. 488.

The respondent originally brought an action against The Old Bromfield Inn Inc. in the Municipal Court of the City of Boston and named the petitioner as trustee. The principal defendant was defaulted. The trustee appeared and answered no funds. Interrogatories were put to the trustee by the plaintiff in that action, but no answers were filed and the trustee was defaulted. Judgment was entered on October 5, 1928, against the defendant and against the goods, effects and credits of the defendant in the hands of the trustee, the present petitioner. Execution issued on October 9, 1928. Demand was made on the trustee. The execution has never been satisfied in whole or in part. Thereafter, scire facias was brought. No service was in fact made upon the trustee, although copy was left at an apartment thought erroneously to be his

last and usual place of abode by the officer serving the process.   No appearance was entered.   On the strength of the officer's return, the trustee as defendant in scire facias was defaulted and judgment was entered against him on December 28, 1928.   Neither the petitioner nor his attorney learned of this judgment until May 9, 1930.   Supplementary process taken out by the respondent, returnable to the Brighton Municipal Court, was served on October 18, 1930, the defendant was defaulted, but the proceeding was dismissed after hearing.   After such default the petitioner brought the present proceeding, which was filed on November 19, 1930.   Several weeks later, on motion, a supersedeas was ordered to be issued provided the petitioner file a bond for $500 within seven days.   No bond has ever been filed, the petitioner having elected not to do so.   Motion to dismiss for failure to file the bond was finally dismissed without prejudice.

A writ of review is a new action and not a further step in the action sought to be reviewed. *Lynn Gas & Electric Co.* v. *Creditors National Clearing House*, 235 Mass. 114. *Mackay* v. *Brock*, 245 Mass. 131. It lies to review a judgment by default upon a scire facias against a trustee. *New England Mutual Accident Association* v. *Varian*, 151 Mass. 17. The granting of review rests largely although not exclusively in the discretion of the trial judge. *Silverstein* v. *Daniel Russell Boiler Works*, 268 Mass. 424, 425. *Precious* v. *O'Rourke*, 270 Mass. 305, 309. "This discretion should be exercised in such a way as to promote an orderly and proper administration of justice, and not to encourage carelessness, ignorance," undue delay, or perversity in the conduct of cases in the courts. *Sylvester* v. *Hubley*, 157 Mass. 306, 308. It cannot rightly be granted unless the petitioner shows that he has a meritorious cause which requires the further attention of the court. Such a cause is one worthy of judicial investigation because raising a substantial question of law meriting decision, or a real controversy as to material facts. *Russell* v. *Foley*, 278 Mass. 145, 148.

The finding is categorical to the effect that the present

is such a cause. The subsidiary facts stated support that finding. It must be accepted as true.

It is provided by G. L. (Ter. Ed.) c. 250, § 22, that if "judgment was rendered in the absence of the petitioner and without his knowledge, the petition" for a writ of review "shall be filed within one year after the petitioner first had notice of the judgment; otherwise, within one year after the judgment was rendered." The finding on this point is that "so far as technical compliance with the statute is concerned, the petition for a writ of review was filed within one year of actual knowledge or notice," and that the first actual notice to the petitioner or his attorney was on May 9, 1930. This finding is based on the further finding that two letters written by the attorney for the respondent dated respectively February 27, 1929, and March 4, 1929, one sent to the petitioner and the other to his attorney, stating that he held an execution for a specified amount in favor of his client against the petitioner and demanding payment, did not contain sufficiently definite reference to the scire facias to bring it to the consciousness of either the petitioner or his attorney. Neither of those letters alludes to the nature of the proceeding in which the execution issued, or makes mention of the scire facias proceeding. Both the petitioner and his attorney thought that the letter referred to the original action, which went to judgment on October 5, 1928, and not to the scire facias, which went to judgment on December 28, 1928. Of this latter judgment, neither on the findings had at that time any knowledge or notice. The conclusion of the auditor as to the date when actual knowledge or notice of the judgment in scire facias was received by the petitioner is expressly stated to be "not only based upon the letters themselves but upon the surrounding circumstances." It is manifest from the report that the petitioner testified before the auditor, who found that he "is intelligent, not ignorant or illiterate and is under no disability which prevents him from being capable of exercising reasonable care and diligence with respect to an action brought against him in court." Having observed his appearance as a witness, the auditor is in a

better position to determine his credibility than any one else. In these conditions the finding on this point cannot be set aside and must be accepted as true. It follows that on the facts found the present petition was brought within one year after the petitioner had notice of the judgment which is sought to be reviewed. *James* v. *Townsend,* 104 Mass. 367.

It is contended that the petitioner's conduct with respect to this litigation has been "so reprehensible from a legal point of view as to bar relief." *Manzi* v. *Carlson,* 278 Mass. 267, 268–269. Reliance in this connection is placed upon several facts. The petition for writ of review was not filed for six months after positive knowledge by the petitioner of the judgment in scire facias. The statute, however, provides that the petition may be brought within a year. There is nothing to indicate that the respondent suffered prejudice by this delay. It was said concerning this subject in *James* v. *Townsend,* 104 Mass. 367, 372: "From this review of the statutes, we are satisfied that it was the intention of the legislature to give to every party the right to file his petition for a review within one year after notice of a judgment against him." *Davenport* v. *Holland,* 2 Cush. 1, 13. *Matthewson* v. *Moulton,* 135 Mass. 122, 124. The delay shown within the statutory period is not the equivalent of reprehensible conduct such as bars the petitioner from relief. In general, mere delay not extending beyond the period allowed by the statute and not rendering relief unconscionable, does not amount to laches. *Calkins* v. *Wire Hardware Co.* 267 Mass. 52, 69. To the same effect are numerous authorities in other jurisdictions. *Independent School District of Rock Rapids* v. *Schreiner,* 46 Iowa, 172. *Albright* v. *Warkentin,* 31 Kans. 442. *Marvin* v. *Brandy,* 56 Hun. 242, 246. *D. M. Osborne & Co.* v. *Columbia County Farmers' Alliance Corp.* 9 Wash. 666.

There is nothing wrong in the refusal of the petitioner to answer the interrogatories put by the plaintiff to him as trustee in the original action. He had a right to make his defence as trustee when sued in scire facias. *MacAusland* v. *Fuller,* 229 Mass. 316, 319. Compare *Browne* v. *Fairhall,*

218 Mass. 495, 497. The default of the petitioner in paying the original execution on demand was not culpable because the simple default as trustee did not render him absolutely liable. *MacAusland* v. *Fuller*, 229 Mass. 316, 319. Furthermore, the auditor found that there was no other evidence that the petitioner had any goods, effects or credits of the principal defendant in his hands and the petitioner testified that he had none. The fact that the petitioner had lived at six different addresses since June, 1928, without notifying his own attorney or the respondent of any change in his address does not of itself show an attempt to avoid service of process or inquiries concerning his financial relations with the principal defendant in the original action. Such conduct is not suggestive of the highest good faith, but does not compel the inference of intentional wrong. Failure of the petitioner to file bond for the issuance of a writ of supersedeas has no direct relation to the judgment sought to be reviewed. These matters and others urged by the respondent, separately and collectively, do not show reprehensible conduct sufficient to bar the petitioner from relief as matter of law, or to show abuse of discretion in ordering the writ of review to issue. They must be weighed in connection with the finding that the petitioner has a meritorious cause to be reviewed. *Welch* v. *Chase*, 213 Mass. 519, 521. *Manzi* v. *Carlson*, 278 Mass. 267. The delay that has ensued since the judgment in the original case does not show any hardship or injustice to the respondent. The case at bar is distinguishable from *Alpert* v. *Mercury Publishing Co.* 272 Mass. 43. We think that it cannot rightly be held that there was abuse of discretion or error of law in ordering that review be granted.

*Order granting writ of review affirmed.*