MAURICE REUBENS *vs.* BOSTON FEDERAL SAVINGS AND LOAN ASSOCIATION & another.

Suffolk. April 5, 1961. — April 28, 1961.

Present: WILKINS, C.J., SPALDING, WILLIAMS, WHITTEMORE, & CUTTER, JJ.

*Practice, Civil,* Entry of judgment, Amendment, Review of judgment. *Words,* "Absence."

After the sustaining of a demurrer to the declaration in an action with leave to the plaintiff under Rule 23 of the Superior Court (1954) to amend within thirty days, an "Amended Declaration" filed within the thirty days was a nullity where no motion to amend ever was filed, and did not prevent the action from becoming ripe for judgment for the defendant upon the expiration of the thirty days. [484–485]

A judgment against the defendant in an action is rendered in his "absence" within G. L. c. 250, § 22, where it is rendered without his having been served with process or having entered an appearance. [486]

A judgment for the defendant in an action can never be rendered in the "absence," within G. L. c. 250, § 22, of the plaintiff who initiated the action, so that a petition by the plaintiff under § 22 for a writ of review of such a judgment is too late and the court has no jurisdiction of it unless it is filed within one year after the rendering of the judgment. [487]

---

[1] It was equivalent to ten months' living expenses of the deceased when he was supporting the household.

PETITION filed in the Superior Court on December 21, 1960.

The case was heard by *Morton, J.*

*Frank G. Allen, Jr.,* (*Carlton W. Spencer* with him,) for the respondents.

*Sidney Heimberg,* for the petitioner.

WILKINS, C.J.   This petition, filed in the Superior Court, is for a writ of review of a judgment entered in favor of the defendants (respondents), Boston Federal Savings and Loan Association and Edmond F. Dagnino, in an action of "contract and/or tort" brought by the plaintiff (petitioner).   The respondents filed special appearances denying the jurisdiction of the court on the ground that the petition was not filed within one year, the time required by G. L. (Ter. Ed.) c. 250, § 22.   The judge denied the respondents' requests for rulings and allowed the petition. The respondents excepted.

The original action was entered in the Superior Court, Suffolk County, on May 6, 1957.   The defendants (respondents) filed demurrers to the plaintiff's (petitioner's) substitute declaration.   After hearing orders were entered on December 13, 1957, sustaining the demurrers and giving the plaintiff (petitioner) leave to amend his declaration within thirty days.   On January 13, 1958, he filed a paper entitled "Plaintiff's Amended Declaration."   He at no time filed a motion to amend his declaration.   On January 20, 1958, judgment was entered for the defendants (respondents). The present petition was filed on December 21, 1960.

1.   The judgment in the original action was rightly entered.   Leave to amend did not mean that the plaintiff was given a blank authorization to file any paper he might wish and call it a declaration.   The court had the right and the duty to examine any proposed declaration to observe whether the new declaration avoided the defects of the earlier one and to make sure that it was otherwise proper.   To this effect have been the clear holdings of this court.   *Massachusetts Gasoline & Oil Co.* v. *Go-Gas Co.* 267 Mass. 122, 125–126.   *Kaufman* v. *Buckley,* 285 Mass. 83, 85–86.   *Mann*

v. *Rudnick,* 294 Mass. 353.   See *Trudel* v. *Gagne,* 328 Mass.
464.   The plaintiff misconstrues Rule 23 of the Superior
Court (1954).[1]   His contention that "since leave was
granted by the court of its own accord or on its own motion,
it would be unnecessary and idle to make a further motion
seeking that which the court has already granted" is made
squarely in the teeth of those decisions.   The only case
he cites, and partially quotes, *Kaufman* v. *Buckley, supra,* is
decisive authority to the contrary.   The court (pages 85–
86) in referring to Rule 23 of the Superior Court (1932),
which was identical with the current Rule 23, said:   "The
substance and effect of the rule are that a party plaintiff,
to whose declaration or bill in equity a demurrer has been
sustained, in the absence of waiver or order by court is
allowed ten days within which to decide whether he can, or
ought to, file a motion for amendment."   This is followed
by the significant statement, "Such an amendment cannot
become effective until it is brought to the attention of the
court and allowed."

2.   The remaining question is whether the court had
jurisdiction to grant the petition.   This issue was raised
by the denial of the respondents' requests for rulings.
These were:   "1. It is ruled as a matter of law that the
judgment rendered by the court in Suffolk docket No.
514014 was not rendered 'in the absence of the petitioner
and without his knowledge' within the meaning of G. L.
(Ter. Ed.) c. 250, § 22.   2. It is ruled as a matter of law
that the petition in the present action was filed too late.

3.   It is ruled as a matter of law that the court now has no
jurisdiction of this action, and that it must be dismissed."

The material portions of G. L. (Ter. Ed.) c. 250, § 22, are:
"After the entry of final judgment in a civil action, the

---

[1] "A motion for leave to amend shall contain or be accompanied by the
proposed amendment.  If a demurrer is sustained, and leave to amend is not
denied, a case shall be deemed ripe for final judgment or decree only after ten
days from the sustaining of the demurrer, or such other time as the court may
allow for amendment, and then only after the disposition of any motion to
amend the pleading demurred to, filed within such time.  After the expiration
of such time no motion to amend such pleading shall be filed without leave of
court."

court in which the judgment was entered may, upon petition, grant a writ of review. If judgment was rendered in the absence of the petitioner and without his knowledge, the petition shall be filed within one year after the petitioner first had notice of the judgment; otherwise, within one year after the judgment was rendered.''

As the petition was not filed within one year after the judgment was rendered, the petitioner must show that it was rendered in his absence and without his knowledge. This he cannot do. No case he cites upholds him. The statute has been in substantially the same form for over one hundred years. Gen. Sts. c. 146, § 21. Pub. Sts. c. 187, § 22. R. L. c. 193, § 22. G. L. c. 250, § 22. With regard to Gen. Sts. c. 146, § 21, it was said in *James* v. *Townsend,* 104 Mass. 367, 371–372: ''Construing this section with reference to its connection, as well as by the obvious sense of the words used, we find no reason to interpret 'absence' as meaning 'out of the state' only. We think it was intended to apply to all cases of default, without service of process, to which the preceding section applies. When the presence of the defendant is not secured, either in fact by his appearance, or constructively, by the service upon him of the summons to appear, a judgment obtained upon his involuntary default is, in legal intendment, rendered in his absence.'' In *Matthewson* v. *Moulton,* 135 Mass. 122, 124–125, it was said with reference to the same statute, ''But if a defendant has notice of a suit by due service of process upon him, he is constructively, and by legal intendment, present in court; and a judgment rendered upon his default is not rendered in his absence within the meaning of the statute. This view of the intention and scope of the statute excludes the right of the petitioner to maintain his petition. Personal service was made upon him in the original action; he had notice of it, and opportunity to appear and defend it; and his right to file a petition for a review was limited to one year after the judgment was rendered.'' All other cases are to the same effect. *Smith* v. *Brown,* 136 Mass. 416. *Manning* v. *Nettleton,* 140 Mass. 421. *Riley* v. *Hale,*

146 Mass. 465. *Trustees of Amherst College* v. *Allen,* 165 Mass. 178, 179. *Bennett* v. *Powell,* 284 Mass. 246, 248.

Absence of the defendant, therefore, means simply the antithesis of presence secured by his entering an appearance or by the service of process upon him. The respondents rightly contend that a party plaintiff who has initiated litigation can never be absent within the meaning of § 22. Nor is it the alternative, as contended by the petitioner, that the statute becomes nugatory. Section 22 is effective as to a party defendant falling within its terms, and it enables a party plaintiff to bring a petition within one year after the judgment was rendered. It is not a valid objection that the time is the same as that for a petition to vacate judgment under G. L. (Ter. Ed.) c. 250, § 15.

The petitioner seems to argue that a trial judge has discretion in any case to grant a petition for a writ of review. Of course, he has no discretion to act counter to the provisions of the statute. The true rule is, as stated by Rugg, C.J., in *Robinson* v. *Lyndonville Creamery Assn.* 284 Mass. 396, 399, "The granting of [a writ of] review rests largely although not exclusively in the discretion of the trial judge."

The respondents' requests should have been granted. It was error to allow the petition.

*Exceptions sustained.*
*Petition dismissed.*