MILDRED H. PULTZ, trustee, *vs.* GENE R. BRENNAN. January 4, 1974. This is an appeal from a final decree of the Superior Court dismissing a petition seeking to have the defendant adjudged in contempt for failure to comply with a prior decree of that court. A full evidentiary hearing was held, and the evidence is reported. Following that hearing the judge made full and complete findings of fact and concluded that "there has been no clear and undoubted disobedience [of the prior decree] by the . . . [defendant] Brennan." A review of the record leads us to the same conclusion.

*Decree affirmed with costs.*

*Harold A. Leventhal,* for the plaintiff, submitted a brief.


MADELINE C. WHITING *vs.* ROBERTSON CONSTRUCTION COMPANY, INC. January 7, 1974. This petition for a writ of review was allowed in the Superior Court. The respondent's bill of exceptions raises the question whether its requests for rulings, in effect that the petition for a writ of review should be dismissed because filed beyond the statutory period (see G. L. c. 250, § 22), should have been granted. The petition filed February 13, 1973, seeks review of a judgment in an action of contract which was rendered against the petitioner (defendant therein) on November 1, 1971, for failure to answer interrogatories and of which the petitioner "personally never did receive notice" until December, 1972. Since the petition was filed more than a year after judgment, it could be maintained only if the judgment "was rendered in the absence of the petitioner and without . . . [her] knowledge . . . ." The petitioner was not "absent" within the meaning of § 22 when judgment was rendered since she had been served with process and since an appearance had been entered on her behalf. *Matthewson* v. *Moulton,* 135 Mass. 122, 124-125 (1883). *Riley* v. *Hale,* 146 Mass. 465, 466 (1888). "Absence of the defendant . . . means simply the antithesis of presence secured by . . . [her] entering an appearance or by the service of process upon . . . [her]." *Reubens* v. *Boston Fed. Sav. & Loan Assn.* 342 Mass. 483, 487 (1961). The short answer to the petitioner's contention that the trial judge had discretion to grant the petition is also found in the *Reubens* case (which held that it was error to deny requests for rulings of law virtually identical with those denied in this case) in which the Supreme Judicial Court said (p. 487), "Of course, he [the trial judge] has no discretion to act counter to the provisions of the statute." The respondent's requests for rulings of law should have been granted.

*Exceptions sustained.*
*Petition dismissed.*

*Frederick T. Golder* for the respondent.
*Robert L. Athas* for the petitioner.