## DAVID N. SKILLINGS *vs.* MASSACHUSETTS BENEFIT ASSOCIATION.

Suffolk. January 13, 1888. — March 1, 1888.

Present : MORTON, C. J., FIELD, C. ALLEN, HOLMES, & KNOWLTON, JJ.

*Beneficiary Association — Creditor — Dependent — Statute.*

A creditor of a member of a beneficiary association is not " dependent" within the meaning of the Pub. Sts. c. 115, § 8, (as enlarged by the St. of 1882, c. 195, § 1,) and a promise by the association to pay a sum due at a member's death to such a creditor is void.

Certificates of membership in a beneficiary association were issued in February and March, 1885, payable to a creditor of a member, who died in 1886. *Held*, in an action by the creditor thereon, that the St. of 1885, c. 183, relating to such associations, which took effect in May, 1885, did not apply, and that, the promise being void, it could not be determined to whom, if to any one, the sums due should be paid.

CONTRACT to recover $7,000 upon two certificates of membership issued by the defendant on the life of Edward A. Clapp. The declaration alleged that the certificates were issued on February 18, 1885, and March 9, 1885, respectively, and were payable to the plaintiff; and that Clapp died on February 3, 1886.

At the trial in the Superior Court, before *Bacon*, J., the plaintiff offered in evidence the certificates, the fact of the death of

Clapp, and proofs of death, in conformity with the contract. The defendant put in evidence the application of Clapp to become a member of the defendant association, which stated that the contract was made for the benefit of the plaintiff, and that the plaintiff was " dependent."

The defendant contended that, as the plaintiff was not a relative of Clapp, but only a creditor, which facts the plaintiff admitted, he was not, within the meaning of the Pub. Sts. c. 115, § 8, dependent; and asked the judge to rule that, under these circumstances, the plaintiff was not dependent, and that the action could not be maintained.

The judge ruled as requested, and ordered a verdict for the defendant; and the plaintiff alleged exceptions.

*R. M. Morse, Jr.*, for the plaintiff.

*E. Avery & A. E. Avery*, for the defendant.

FIELD, J.   The exceptions in this case are meagre, but it appears that the defendant was an association doing business under the provisions of the Pub. Sts. c. 115, and that it issued two certificates of membership on the life of Edward A. Clapp for sums of money to be paid on his death to the plaintiff, who was described in the application as " dependent."   The plaintiff was not a relative of Clapp, and his only relation to him was that of a creditor.   The declaration alleged that the certificates were issued on February 18, 1885, and March 9, 1885, respectively, and that Clapp died on February 3, 1886.   The reference in the exceptions to the Pub. Sts. c. 115, plainly shows that this is a corporation organized " for the purpose of assisting the widows, orphans, or other persons dependent upon deceased members." Pub. Sts. c. 115, § 8; St. 1877, c. 204; St. 1874, c. 375.

The powers of corporations organized under these statutes were enlarged by the St. of 1882, c. 195, § 1, so as to include among the persons to be benefited other relatives of deceased members besides widows and orphans.   A person whose only relation to the deceased member is that of a creditor is not a person dependent upon him within the meaning of these statutes, and the promise to pay the plaintiff is void.   Such a promise is beyond the powers of the association, and contravenes the intention of the statutes under which the association was organized. The plaintiff cannot therefore maintain an action on this prom-

ise, either for his own use, or for that of any other person. *Briggs* v. *Earl*, 139 Mass. 473. *American Legion of Honor* v. *Perry*, 140 Mass. 580.

The St. of 1885, c. 183, passed after these certificates were issued, does not affect the case, for these among other reasons: that it does not distinctly appear that this corporation was such an organization as could avail itself of the rights, powers, and privileges conferred by this act (§ 1) ; or if it could, that it had ever done so; or that it had done anything that could make valid the promise to pay the plaintiff which was void when it was made.

As the designation of the plaintiff as the person enabled to receive the sums payable on the death of Clapp is void, we cannot determine in this suit to whom they should be paid, if payable to any one.                               *Exceptions overruled.*