D. NELSON SKILLINGS *vs.* MASSACHUSETTS BENEFIT ASSOCIATION.

Suffolk. January 1, 1890. — April 1, 1890.

Present: DEVENS, W. ALLEN, C. ALLEN, HOLMES, & KNOWLTON, JJ.

*Summary Petition to vacate Judgment — Satisfaction by Payment of Costs — Attorney and Client.*

The summary petition provided by the Pub. Sts. c. 187, § 17, for setting aside a judgment in any action in which " the execution has not been satisfied in whole or in part," lies where the judgment is for the defendant for costs only, and the plaintiff is the petitioner.

Judgment for costs was entered for the defendant in an action, and immediately thereafter, before any execution was issued, his attorney had the costs taxed by the clerk, and exhibited the taxation to the plaintiff's attorney, who thereupon gave his own check for the amount, and it was paid. The plaintiff, who did not expressly authorize such payment or know of it, afterwards brought a petition on the Pub. Sts. c. 187, § 17, to vacate the judgment. *Held,* that the payment was a satisfaction of the judgment, and that the petition would not lie.

PETITION on the Pub. Sts. c. 187, § 17, to vacate a judgment of the Superior Court in favor of the defendant for costs.    Hearing before *Brigham,* C. J., who found the following facts.

After the entry of judgment as of a certain day for the defendant for its costs, the defendant's attorney forthwith caused such costs to be taxed by the clerk of the court, and exhibited a statement of the taxation of costs to the attorney for the plaintiff.    The latter at once gave his personal check upon a bank for the amount of the costs to the defendant's attorney, and the check was paid.    The plaintiff neither authorized, directed, nor knew of the taxation of costs, nor of such payment.

The judge found that such payment was in law a satisfaction of the judgment, and ordered the petition to be dismissed; and the plaintiff alleged exceptions.

*R. M. Morse, Jr.,* for the petitioner.

*E. Avery,* ( *A. E. Avery* with him,) for the respondent.

HOLMES, J.    The Gen. Sts. c. 146, §§ 19–38, provided for the re-examination of final judgments upon writs of review, whether the execution had been satisfied or not.    Then the St. of 1875, c. 33, (Pub. Sts. c. 187, §§ 17–19,) introduced a more summary method by a petition for setting aside the judgment in an action "in which the execution has not been satisfied in whole or in part."    The allowance of this summary petition is confined to cases where the execution has not been satisfied, because, if it has been satisfied, merely vacating the judgment will not enable the party who has paid to get his money back. The statute assumes that, in general, a man who has paid his money under a judgment will want to get it back if the judgment is vacated, and therefore does not grant a petition to vacate the judgment if money has been so paid, but still requires a writ of review to be resorted to.

The reason for the limit of the statutory grant applies equally

whether the execution or the judgment has been satisfied, and we are of opinion that the petition to vacate is excluded when a judgment is satisfied before an execution is taken out, as well as when the satisfaction is upon the execution itself. It is evident from other sections that the statute intends no distinction between the two. In the Pub. Sts. c. 187, § 35, the expression is " if the former judgment is not satisfied," in § 39, " if the execution has not been satisfied," and by § 19, in this very proceeding, the petitioner is required to give bond to " satisfy said judgment " if it is not vacated, thus showing that it is assumed that the only case where the petition lies is one where the judgment is not yet satisfied.

The condition that the execution or judgment is not satisfied is attached by the statute to the grant of the petition in general terms. It is not confined to cases where the judgment is for the plaintiff, or where the judgment and execution are for damages as well as for costs. There is no exception where the judgment is for the defendant, giving him costs only, and the plaintiff brings the petition. It may be unlikely that a court would vacate the judgment in such a case without requiring the plaintiff to pay the costs, but there is no rule of law requiring it in all cases. We will assume that in this case, if the petition disclosed any ground which would warrant vacating the judgment, the defendant would have a right to costs, and further that the plaintiff waives any right to recover back what has been paid. But the statute is drawn upon considerations which apply in the generality of cases, and does not provide for exceptions. Any grounds which would warrant vacating the judgment would warrant granting a review, and upon a writ of review the plaintiff could argue the question of costs if he was so advised. When the plaintiff has satisfied a judgment for costs, a writ of review preserves all his rights, and is the only remedy which does so, and therefore the Legislature has not deemed it necessary to grant any other.

In the case at bar no execution was taken out, but on or about the day when judgment was entered, the defendant's attorney caused the costs to be taxed by the clerk, and exhibited the taxation to the attorney for the plaintiff. The latter thereupon gave his own check for the amount, and it was paid.

Upon the hearing of this petition, the court found that the plaintiff did not authorize (which we understand to mean expressly authorize) or know of the payment, but "found that such payment was in law a satisfaction of the judgment." The petition does not allege that the judgment was not satisfied. It does not appear that the plaintiff, on being informed of the payment, repudiated it, or that he ever has repudiated it to this moment, if he had a right to do so. The usual and proper course was to apply, in the first instance, to the plaintiff's attorney, and it is a common practice for attorneys under such circumstances to save their clients trouble by paying the costs with their own checks. The defendant had a right to receive the money as payment, and the exceptions disclose no reason why he should be held to have lost the right still to treat it as such. Whether the plaintiff could have repudiated the payment before bringing this petition, we need not consider.

It was not argued that the payment was any the less a satisfaction of the judgment because the record did not disclose the fact. *Hammatt* v. *Wyman*, 9 Mass. 138, 142.

*Exceptions overruled.*