### D. Nelson Skillings *vs.* Massachusetts Benefit Association.

Suffolk.    November 18, 1891. — February 25, 1892.

Present: Allen, Knowlton, Morton, & Lathrop, JJ.

*Petition to vacate Judgment — Motion to amend — Writ of Review — Superior Court.*

The Superior Court has no power to grant a writ of review to set aside a judgment obtained in an action, in the trial of which no error of law or of fact occurred, for the sole purpose of striking out the name of the plaintiff in that action and substituting therefor the name of another person, who, if he should prevail, would hold the money sought to be recovered therein in his own right, and not for the benefit of the original plaintiff.

MOTION to amend a petition to vacate a judgment of the Superior Court, by changing it into a petition for a writ of review of that judgment. The motion was heard by *Dewey*, J., who, at the respondent's request, ruled that the court had no authority to allow the motion, and denied the same; and the petitioner alleged exceptions. The facts appear in the opinion.

*R. M. Morse & W. M. Richardson,* for the petitioner.

*E. Avery & A. E. Avery,* for the respondent.

LATHROP, J. This is a motion to amend a petition to vacate a judgment of the Superior Court, by changing it into a petition for a writ of review. The following facts appear.

On February 18, 1885, the respondent issued a certificate, and on March 9, 1885, another certificate, each constituting Edward A. Clapp a benefit member of the association, and agreeing to pay to D. Nelson Skillings, described as a dependent, a certain sum on the death of Clapp. The certificates provided that no action should be brought on them unless begun within one year and sixty days from the death of Clapp.

Clapp died on February 3, 1886, and Salem D. Charles was appointed the administrator of his estate on March 22, 1886. On October 7 of the same year, Skillings brought an action on the certificates in the Superior Court. At the trial, it appeared that Skillings was not a relative of Clapp, but was a creditor. The presiding justice thereupon ruled that the action could not be maintained. The plaintiff's exceptions were overruled by this court, and the ruling of the court below was sustained. *Skillings* v. *Massachusetts Benefit Association,* 146 Mass. 217. The rescript was sent down on March 1, 1888. Judgment was entered for the defendant for costs, on March 23, 1888. No execution issued, but the judgment was satisfied by the payment of the costs.

Skillings subsequently brought a petition on the Pub. Sts. c. 187, § 17, praying that the judgment of March 23, 1888, be vacated; that the action be brought forward on the docket of the court; that the verdict be set aside; that the plaintiff be allowed to amend his writ and declaration by the substitution of Salem D. Charles, as he is administrator of the estate of Edward A. Clapp, deceased, as plaintiff in place of the petitioner; and that the case stand for trial. It was held by this court that the

petition could not be maintained, on the ground that the judgment in the original action had been satisfied before the filing of the petition. *Skillings* v. *Massachusetts Benefit Association*, 151 Mass. 321. Before judgment was entered in the Superior Court, on the petition to vacate the judgment, the petitioner filed in that court, in April, 1890, the present motion to amend the petition to vacate the judgment, by changing it into a petition for a writ of review, under the Pub. Sts. c. 187, § 22. The petition also contains the prayers which were in the petition to vacate the judgment.

The administrator of Clapp has also filed a motion, asking that the writ and declaration be amended by substituting his name in the place of that of the plaintiff Skillings; and that the prayer of the petition be granted.

In the case of *Rindge* v. *New England Aid Society*, 146 Mass. 286, it was held that an invalid designation of a beneficiary did not render the whole contract invalid; and in the case at bar it has not been questioned that the administrator of Clapp might have maintained an action on these certificates, if he had brought it in due season. It is not contended that such an action would be for the benefit of the petitioner; and it is clear that the administrator would hold the proceeds for the benefit of the estate.

If we assume in favor of the petitioner, and without intending to express any opinion on the point, that a petition to vacate a judgment may be amended by changing it into a writ of review, the question is presented whether the Superior Court has the power to grant a writ of review to set aside a judgment obtained in an action, in the trial of which no error of law or of fact occurred, for the sole purpose of striking out the name of the plaintiff in the original action, and substituting therefor the name of another person, who, if he should prevail, would hold the money in his own right, and not for the benefit of the original plaintiff. We are of opinion that this cannot be done. It is very clear that the administrator could not maintain, in his own name, a petition for a writ of review of the original action. "A writ of review, like a writ of error, must be in the name of a party to the original judgment, or of those who have by law succeeded to his rights upon his death or bankruptcy." Gray, C. J., in

*Winch* v. *Hosmer,* 122 Mass. 438. This case also decides that where the original action is brought against a nominal party, the real party in interest may maintain a writ of review in the name of the nominal party. In this case the nominal party was a warehouseman from whom goods had been replevied.

The case at bar does not fall within these cases. Although the language of the Pub. Sts. c. 187, § 22, is very broad, we are of opinion that it was not intended to apply to a case like the one before us. The petitioner's exceptions must therefore be overruled.                    *So ordered.*