Spear, C. J.
The right of Louisa McGinness to the entire fund may be determined by considering first, what are the rights of John T. Mc-Ginness to a portion of it, inasmuch as her claim rests upon the proposition that the second, or reissued certificate, is invalid.
This presents the question whether or not Henry, the husband, had power to substitute one who stood simply in the relation of brother, as the recipient of part of the fund, and whether the Council had power to issue a certificate calling for the payment of any part of the benefit to him. It is to be borne in mind that John T. describes himself in his petition as a brother of the deceased, Henry, and his counsel claims that this brings him within the class designated by the law of the Council, because it is equivalent to an averment that he was of the family of the deceased, while the answer of the Council averred that John was not of the family of Henry, nor a dependent upon him*, and its counsel contends that *537 the bare allegation that John is a brother is wholly insufficient to bring John within the class prescribed by the charter, and to satisfy the requirement of that .clause of the by-laws which limits the payment of benefits to the family or dependents of a deceased member. Their contention in brief is, that, upon the admitted facts, John T. McGinness is not within the class of persons who might be desigmated by Henry as a beneficiary, and that the designation of him as a beneficiary was an invalid act. That therefore the original designation and certificate remain in full force, and they cite State ex rel. v. Central Ohio Mutual B. A., 29 Ohio St., 399; State v. Moore, 38 Ohio St., 7; State v. Standard Life Ass'n, same vol., 281 ; State ex rel. v. Peoples' Mutual B. A., 42 Ohio St., 579; National Mutual Aid Ass'n v. Gonser, 43 Ohio St., 1 ; American Legion of Honor v. Perry, 140 Mass., 580; Daniels v. Pratt, 143 Mass., 216; Skillings v. Mass. Ben. Ass'n, 146 Mass., 217; Northwestern Masonic Aid Ass'n v. Jones, 154 Pa. St., 99; Rockhold v. Canton Masonic Mutual Ben. Society, 129 Ill., 441; Bacon on Beneficial Societies, section 46, and' Niblack’s Mutual Beneficial Societies, section 3.
The question thus presented is not a novel one, nor do we think its solution difficult. This corporation belongs to that class of organizations known as beneficial societies. They are not insurance companies. The benefits secured by membership are intended for the relief of a member when sick, and for his family or dependents at his decease. The term family, it is true, in a broad sense, includes brothers, as it does sisters, and many others in a remoter degree of consanguinity, and is sometimes extended to include a *538 group or succession of persons connected by blood, but it has never been assumed in any of the many cases in which kindred questions have been considered, that the word family, as used in certificates of this character, embraces so extended a circle, nor, indeed, that it could take in persons not dependent upon a member. Applying the familiar maxim of construction, nosoitur a soeiis, the meaning in the present case is made plain. The term “or dependents” immediately follows the word “family.” The language, taken together, imports one who is dependent upon a member for support, as a wife or child, and it will be noted that the declared purpose of the organization, as specified in the charter, is “to afford moral and material aid to its members and their dependents.” This language might, it is true, include a brother, but not necessarily, for it might easily be that the brother himself was the head of a family, and, for aught' that appears, that is true in the present case. To bring a brother within the category of the benefit clause it would be necessary to allege and prove that he was in fact one of the family in such sense as to be, in part at least, dependent upon the member for support. Ballou v. Ghile, 50 Wis., 614. The relationship of brother, standing alone, would be wholly insufficient. The classes of persons to be benefited being designated in the charter, it is clear that the member would be without power to select as a beneficiary one not so designated, and the corporation equally without power to accumulate a fund for persons other than those of the classes so named. To attempt, therefore, to designate one who is neither of the family of the member, nor dependent upon him, being inconsistent with the charter and the laws, was *539 wholly ineffectual to accomplish that purpose. Nor can we assume that the deceased member intended the procuring of the second certificate to operate as a revocation of the first in the event of its invalidity as respects his brother John. It follows that the allegation in the petition which undertakes to describe the relation of the plaintiff to the deceased, when weighed in connection with the allegations of the answer respecting the charter of the council, was insufficient in law, and taking the two pleadings together, it is clear that the plaintiff had no case. The certificate of February 3, 1894, being invalid, and the liability of Council for the whole amount under the first cer1 tificate being admitted, it would follow that the original certificate should be regarded as in force, and that the widow is entitled to the entire fund. There was, therefore, no error in the judgment of the circuit court affirming that of the common pleas in the case of Louisa McGinness against the Supreme Council, and that will be affirmed.
In the other case, the parties having submitted their cause upon the merits as shown by the pleadings, and the law of the case being held by the circuit court against the plaintiff below, there should have been a final judgment against him in that court instead of an order remanding the cause to the common pleas. And now, proceeding here to render such judgment as the circuit court should have rendered, it will be ordered that the petition of John T. McGinness be dismissed at his costs.
It is difficult to discover a reason for the strange action of the common pleas in setting aside the order of interpleader, sustaining the demurrer of John -T. McGinness to the-affidavit, and in effect dismissing him from the case commenced by *540 Louisa against the Council. The ruling is not ground of error here, as no proper exception was preserved, but we are led to notice it lest silence might be misconstrued. It resulted in the prosecution of two suits on the merits in that court, where one was sufficient to determine every real issue, two error proceedings in the circuit court and two in this court, and that, too, after the defendant had shown its readiness to respond to the court’s order by bringing into court the fund in dispute. If the rules of interpleader are not sufficiently comprehensive to avoid such multiplicity, it would seem that they are of little use.