WALSH HOLYOKE STEAM BOILER WORKS, INC. *vs.* THOMAS JOSEPH McCUE & others.

DIX LUMBER COMPANY *vs.* CITY OF BOSTON & others.

Suffolk.   November 16, 1933. — January 29, 1935.

Present: RUGG, C.J., CROSBY, PIERCE, DONAHUE, & LUMMUS, JJ.

*Municipal Corporations*, Security for public work.   *Commonwealth*, Security for public work.   *Bond*, Public work.

Security furnished under G. L. (Ter. Ed.) c. 149, § 29, by a contractor constructing a public work for a city was not available to one who sold to the contractor lumber to the value of $338, where it appeared that the lumber was used to make forms in concrete construction and that, although the lumber, when removed from the forms, was stained with concrete, marred with nail holes and to some extent broken so that it was of little value for further use, it still had a value of $75: the lumber was not incorporated in the work, nor entirely destroyed, nor rendered so worthless as to lose its identity.

For the same reason, security furnished under G. L. (Ter. Ed.) c. 30, § 39, by a contractor constructing a public work for the Commonwealth was not available to one who sold lumber to the contractor, where it appeared that the lumber was used for temporary fencing, sheet piling and the bridging of trenches; that the lumber was not left permanently where it was originally placed but was removed and was used again in other parts of the work; and that upon the completion of the work the lumber had no value, except as fuel, by reason of the use to which it had been put.

Where a petition to obtain the benefit of a bond, furnished as security by a contractor constructing a public work under a contract with the Commonwealth and conditioned upon the contractor's paying for "all materials used or employed in the carrying out of said contract," contained an allegation that the bond was given pursuant to G. L. (Ter. Ed.) c. 30, § 39, and a petition filed by an intervener contained a like allegation, and findings by a master who heard the case showed that it was the intention of all the parties to the bond that it should be executed and delivered as a bond required by the statute, the bond must be interpreted as carrying out that intention; and there was no merit in a contention, made for the first time by the intervener in this court on appeal, that the condition of the bond should enable him to establish his claim even though he would not have been entitled to do so if the bond had followed the precise language of the statute.

Two PETITIONS, filed in the Superior Court on February 15, 1932, and February 25, 1932, respectively, described in the opinion.

Each case was referred to a master. Material facts found by the masters, and final decrees entered, by order of *Whiting*, J., in the first case and of *J. J. Burns*, J., in the second case, are described in the opinion. The intervener Curtis & Pope Lumber Co. appealed in the first case, and the petitioner appealed in the second case.

*J. G. Bryer*, for Dix Lumber Company.

*E. A. Cheney*, for Curtis & Pope Lumber Co.

*J. T. Connolly*, (*P. W. Riley* with him,) for Standard Surety and Casualty Company of New York.

DONAHUE, J. The petitioner in the second case, a dealer furnishing lumber to a contractor engaged in the construction of public works under a contract with the city of Boston, filed a petition in the Superior Court to establish a claim to security provided under G. L. (Ter. Ed.) c. 149, § 29, "for payment . . . for . . . materials used or employed in such construction." The case was referred to a master who found that certain lumber of the value of $338.13 furnished by the petitioner to the contractor was used by the latter to make forms for the erection of concrete construction and was removed when the concrete had sufficiently hardened. When removed the lumber was stained with concrete, marred with nail holes and to some extent broken so that it was of little value for further use. The master, however,

found that it had a value of $75 after removal.  The decree entered in the Superior Court did not allow the claim and the petitioner appealed.

In the first case the Curtis & Pope Lumber Co. filed an intervening petition in a proceeding brought in the Superior Court by another claimant to obtain the benefit of security provided under G. L. (Ter. Ed.) c. 30, § 39, by one having a contract with the Commonwealth of Massachusetts for the furnishing and laying of water pipes.  It was found by a master that the intervening petitioner furnished certain lumber to the contractor which was used for temporary fencing, sheet piling and the bridging of trenches.  The lumber was not left permanently where it was originally placed but was removed and used again in other parts of the excavation.  Upon the completion of the job, by reason of the original and the repeated use to which this lumber had been subjected it had no value except as fuel.  This claim was disallowed in the final decree and the intervening petitioner appealed.

The wording of the two statutes respectively applicable to the claims of the two petitioners is substantially the same.  Each case presents the question whether the lumber furnished by the dealer constituted "materials used or employed" in the construction of public works within the meaning to be given those words of the statutes.  None of the lumber became a part of the completed work to the performance of which it had been for a time essential.  When it had served the purpose for which it had been used, in the one case in connection with excavations for trenches for water pipes and in the other in the erection of concrete structures, it was taken away from the work.  The use which had been made of the lumber caused great changes in its physical appearance, its utility and its value.  But such changes do not provide the ultimate test which determines whether materials have been so "used or employed" as to create a claim against security provided pursuant to the statutes in behalf of one furnishing them to a contractor who has a contract for the construction of public works.

The statutes in their present form "include materials which were not incorporated as a part of the finished work but which were necessary to the prosecution of the work and when 'used' were consumed or made so worthless as to lose their identity . . . the statute as amended is applicable to materials that must be used in some form in the construction of the work, which are necessarily consumed when used and are not tools . . . appliances, building materials . . . or other merchandise which does not become physically incorporated in the construction work." *American Casting Co.* v. *Commonwealth,* 274 Mass. 1, 6–7. That decision is conclusive against the present petitioners. Since none of the material was incorporated in the finished structures or was entirely destroyed in the prosecution of the work it could form the basis of a claim entitled to participate in the statutory security only if, as the result of the uses to which it had been put, it was reduced to such a state of worthlessness that it was no longer physically identifiable. That was not the condition, as found by the masters, of the lumber involved in the present cases.

The intervening petitioner in the first case contended for the first time in oral argument before us that the condition of the bond given as security, namely, that the contractor should pay for "all materials used or employed in the carrying out of said contract," should enable it to establish its claim even though it would not be entitled to do so if the bond followed the precise language of the statute. We see nothing in this contention. Its petition as well as the original petition which began the case alleges that the bond was given pursuant to the statute, and rights under a common law bond cannot be established in these proceedings, which were brought to enforce the security of statutory bonds. *Old Colony Crushed Stone Co.* v. *Cronin,* 276 Mass. 221. Furthermore the findings of the master show that it was the intention of all the parties to the bond given that it was executed and delivered as a bond required by the statute. It is to be interpreted as carrying out that intent. *E. I. Dupont DeNemours Powder Co.* v. *Culgin-Pace Contracting Co.* 206 Mass. 585. See *Burr* v. *Massachusetts School for*

*Feeble-Minded,* 197 Mass. 357; *Friedman* v. *County of Hampden,* 204 Mass. 494, 501.

<div align="right">

*Decrees affirmed.*