JOHN FOX vs. JOHN S. BOTTOMLY.

Suffolk.    November 10, 1960. — February 3, 1961.

Present: WILKINS, C.J., SPALDING, WILLIAMS, WHITTEMORE,
& CUTTER, JJ.

*Practice, Civil,* Vacation of judgment, Commencement of action.    *Words,*
"Actual knowledge," "Pending."

Even with findings tending to show that a petitioner for vacation of a
judgment in a large amount, entered against him in an action upon his
being defaulted for failure to appear and answer, had a meritorious
case for the vacation, an exception by him to an order allowing the
petition provided he filed a surety company bond in a substantial
amount within a specified time, "Petition otherwise denied," disclosed
no error where it appeared that process had been served on him in hand
in the action: by reason of such service he had "actual knowledge"
before the entry of the judgment that "the action was pending against
him" within the meaning of G. L. c. 250, § 18, so that he was not within
the exception stated in § 18 and was required under § 17 to give bond.

PETITION filed in the Superior Court on September 1,
1959.

The case was heard by *DeSaulnier, J.*

*George Broomfield,* for the petitioner.

*Donald R. Anderson,* for the respondent.

WILKINS, C.J.    This petition is to vacate a judgment
entered by default in an action of contract brought by the
respondent against the petitioner in the Superior Court.
G. L. (Ter. Ed.) c. 250, § 15.    The contract action was to
recover on two promissory notes signed by the petitioner in
the respective amounts of $106,000 and $144,000.    Accord-
ing to the bill of exceptions, there was evidence that serv-
ice of the writ and summons in the contract action was duly
made in hand on the petitioner by a deputy sheriff of Suf-
folk County on April 23, 1959, and that no attachment of
the petitioner's property was made; that the action was
seasonably entered on the return day, June 1, 1959; that
the petitioner was defaulted on June 23, 1959, for failure

to appear and answer; that judgment was entered on July 13, 1959; that an execution in the amount of $295,166.66 damages and $14.95 costs was issued on July 20, 1959; that the execution has not been satisfied in whole or in part; and that the petitioner had no actual knowledge that the writ was entered on the return day, or that judgment was entered, or that execution issued.

On February 29, 1960, the judge caused the following order to be entered on the petition: "After hearing petition allowed if petitioner files a sufficient surety company bond in penal sum of $144,000 within 10 days. Petition otherwise denied." The petitioner filed a written statement of exception to the order, and did not file any bond.

The petitioner's exception to the order brings no error to the attention of this court. There was no request for any ruling which was denied. No other ruling of any kind was given. No subsidiary findings of fact were made with which it could be contended that the order was inconsistent. This is not a case where "the subsidiary facts are conceded or otherwise established, and all that remains is to draw the ultimate inference of fact and to apply the law." See *Matter of Loeb,* 315 Mass. 191, 194. Compare *Leshefsky* v. *American Employers' Ins. Co.* 293 Mass. 164, 166–167; *Campanella & Cardi Constr. Co.* v. *Commonwealth,* 339 Mass. 231, 233.

The bill of exceptions attempts to extend the formal action of the judge by engrafting upon it what might be termed informal recitals nunc pro tunc as follows: "The court found that the petitioner has a defence to the original action which is worthy of a hearing, that his failure to appear and to answer was due to excusable neglect and inadvertence of his attorney, and that vacating the judgment would tend to promote the ends of justice. The court further found that since the petitioner had been personally served with process in the action, he had actual knowledge before the judgment that the action was pending against him and a bond for security was required by G. L. c. 250, § 17, and § 18." *Day* v. *Crowley, ante,* 666, 669–670.

Fox *v.* Bottomly.

Were we to accept these as pertinent findings and rulings, the petitioner's case would not be improved. A bond must be given under G. L. (Ter. Ed.) c. 250, § 17,[1] unless the case is within the exception stated in G. L. (Ter. Ed.) c. 250, § 18. *Davis* v. *National Life Ins. Co.* 187 Mass. 468, 470. This exception is, "If the petitioner had no actual knowledge before the judgment was entered that the action was pending against him . . . the judgment may be vacated and the execution stayed or superseded without security . . . ." The petitioner was not within the exception. Through personal service he had "actual knowledge" that the action was under way. At least after such service it was "pending against him" within the meaning of § 18, and it was so pending even though he ignored the injunction: "Hereof fail not at your peril, as otherwise judgment may be entered against you in said action without further notice." See form of separate summons to be used with writs of summons and attachment. Rule 3 of the General Rules of the Supreme Judicial Court (1952), 328 Mass. 735. G. L. (Ter. Ed.) c. 223, § 16. The writ is "the foundation of the action." *Eaton* v. *Walker,* 244 Mass. 23, 30. "When it issues out and is delivered to an officer with a bona fide intent to have it served on the defendant, the action is commenced. *Rosenblatt* v. *Foley,* 252 Mass. 188, 190. *Parker* v. *Rich,* 297 Mass. 111, 113, and cases cited." *Union Sav. Bank* v. *Cameron,* 319 Mass. 235, 238. The petitioner's contention borders on the frivolous. His position is not made stronger because he never troubled to ascertain that the action had been entered on the return day stated in the writ.

*Exceptions overruled.*

---

[1] "Except as hereinafter provided, the petitioner shall, before judgment is vacated under such petition and before execution is stayed or superseded, give bond to the adverse party with security approved by the court," the precise condition of which is not now material.