Sands, Taylor & Wood Co. *vs.* The American Insurance Company.

Suffolk.   May 5, 1965. — July 1, 1965.

Present: Wilkins, C.J., Whittemore, Cutter, Kirk, & Reardon, JJ.

Bond, For vacation of judgment.

Where the plaintiff in an action recovered judgment by default against two defendants and on petition by one of the defendants the judgment against him was vacated and he prevailed at a subsequent trial on the merits, a bond given by that defendant under G. L. c. 250, § 17, in connection with his petition to vacate, reciting the recovery of judgment against "said obligor" and such petition by "said obligor" and conditioned on his paying to the plaintiff within thirty days after "final judgment" "the amount if any which . . . [the plaintiff] shall recover," did not cover, nor render the surety on the bond liable to the plaintiff for, the unvacated judgment originally recovered against the codefendant.

Contract.   Writ in the Municipal Court of the City of Boston dated March 5, 1963.

The action was heard by *Adlow,* C.J.

*Joseph Krinsky* for the plaintiff.

*John T. Bowes* for the defendant.

Whittemore, J.   The plaintiff sought recovery against The American Insurance Company (American) on a bond given by American as surety and Richard D. Bowman as

principal to vacate a judgment by default entered September 14, 1962, against Bowman in the District Court of Southern Essex. Bowman's Bakery, Inc. was also a defendant in that action, but the default judgment of the same date against it was not vacated.

On a subsequent trial on the merits, Bowman prevailed. The plaintiff contends that because of the wording of the bond American is liable for the original default judgment against Bowman Bakery, Inc.

The judge in the Municipal Court of the City of Boston found for American and his rulings were sustained on a report to the Appellate Division. There was no error.

The bond was conditioned as set out in the margin.[1]

The judgment could be vacated only if a bond were given under G. L. c. 250, § 17. *Davis* v. *National Life Ins. Co.* 187 Mass. 468, 470. *Fox* v. *Bottomly,* 341 Mass. 701, 703. This statute[2] so describes the condition of the required bond as to show that it is only a judgment against the petitioner, the "obligor" on the bond, with which the bond is concerned. If, after the bond is given, the judgment is not vacated, "the obligor shall satisfy said judgment," that is,

---

[1] "The Condition of This Obligation is Such that Whereas at the District Court of Southern Essex on the 14th day of September, 1962, the said Sands, Taylor & Wood, Inc. recovered judgment against said Obligor for the sum of . . . ($937.72) . . ., and costs of ($11.91) . . ., and Whereas the said obligor has entered in said Court a petition praying that said judgment may be vacated and levy of execution stayed and the action brought forth. Now, Therefore, if the said Richard D. Bowman shall within thirty (30) days after final judgment in aforesaid action pay to Sands, Taylor & Wood, Inc. the amount if any which they shall recover plus costs (not to exceed the penal amount of this bond), then this obligation shall be void, otherwise to remain in full force."

[2] "Except as hereinafter provided, the petitioner shall, before judgment is vacated under such petition and before execution is stayed or superseded, give bond to the adverse party with security approved by the court, conditioned, if the obligor is the prevailing party, that if final judgment shall be thereafter rendered for the obligee, the obligor shall pay his costs and, if the obligee is the prevailing party, that if the judgment is not vacated on said petition, the obligor shall satisfy said judgment and all costs accrued on any execution issued thereunder, and that if it is so vacated, he shall satisfy the execution that shall issue in favor of the obligee on any judgment thereafter rendered in said action, or if a special judgment shall be entered in favor of the obligee in accordance with section twenty-six of chapter two hundred and thirty-five, he will pay to the plaintiff within thirty days after the entry of such judgment the amount for which it shall be entered."

the judgment that is the subject of the petition. If, as was the case here, the judgment is vacated, the condition is that the obligor satisfy "the execution . . . on any judgment *thereafter* rendered in said action" (emphasis supplied).

The bond is to be construed to carry out the statutory intent. *Walsh Holyoke Steam Boiler Works, Inc.* v. *McCue,* 289 Mass. 291, 294–295. See *Martin Fireproofing Corp.* v. *Aetna Ins. Co.* 346 Mass. 498, 500–501.

In this context the language of the bond ("if . . . Bowman shall within thirty (30) days after final judgment in aforesaid action pay to . . . [the plaintiff] the amount if any which they shall recover . . .") does not refer to the judgment already recovered against the other defendant, a stranger to the proceedings to vacate judgment.

We agree with the Appellate Division that *Burns Bros.* v. *Block,* 292 Mass. 347, and *Patch* v. *Robbins,* 261 Mass. 496, dealing with bonds to dissolve attachments, are distinguishable. See G. L. c. 223, § 129.

*Order of Appellate Division*
*dismissing report affirmed.*