EDWARD MANCINI *vs.* COLUMBUS AUTO BODY, INC.

Suffolk. May 4, 1971. — June 8, 1971.

Present: TAURO, C.J., SPALDING, CUTTER, QUIRICO, & BRAUCHER, JJ.

*Practice, Civil,* Vacation of judgment, Appeal.

An appeal lay under G. L. c. 231, § 97, to the Superior Court from a decision of a district court upon a petition in that court pursuant to c. 250, § 15, to vacate a judgment against the petitioner, and in the Superior Court the case should be "tried and determined as if originally commenced there." [588]

It was error to allow a petition under G. L. c. 250, § 15, to vacate a judgment against the petitioner in an action without requiring him to file a bond under § 17 where it appeared that he had "actual knowledge

before the judgment was entered that the action was pending against him"; St. 1969, c. 290, was inapplicable. [588–589]

PETITION filed in the Municipal Court of the City of Boston on July 25, 1969.

Upon appeal to the Superior Court, certain motions were heard by *Smith*, J.

*Frederick Cohen* for the respondent.

QUIRICO, J.  This is a petition to vacate a judgment entered in the Municipal Court of the City of Boston in an action of contract brought by Columbus Auto Body, Inc. (Columbus) against Edward Mancini (Mancini).  After the writ and declaration in the original action were entered in court, Mancini sent the court a letter stating that he did not deny the claim and that he could not pay it.  The letter was accepted as an answer.  Thereupon Columbus filed a motion for judgment on Mancini's answer and, after hearing, the motion was allowed.  Judgment was entered in favor of Columbus for $1,035.61 on December 6, 1968, and an execution issued thereon on December 16, 1968.

Thereafter, Mancini filed a petition in the Municipal Court to vacate the judgment against him, but he gave no bond to Columbus in connection therewith as required by G. L. c. 250, § 17.  On November 18, 1969, the court allowed the petition without requiring Mancini to file a bond. Columbus seasonably appealed to the Superior Court under the provisions of G. L. c. 231, § 97, from the allowance of Mancini's petition.  It filed therewith an appeal bond as required by § 98.

Thereupon Mancini filed in the Superior Court a motion to dismiss the appeal by Columbus on the grounds (a) that the order of the Municipal Court allowing the petition to vacate judgment was not appealable under G. L. c. 231, § 97, and (b) that St. 1969, c. 290, approved May 14, 1969, permitted the allowance of the petition without the filing of a bond.  Columbus countered by filing a motion that the Superior Court order Mancini to file a bond as provided by G. L. c. 250, § 17.  After a hearing a judge of the Superior Court denied Columbus's motion that Mancini file a bond,

and allowed Mancini's motion to dismiss the appeal. The case is before us on the exceptions of Columbus to the judge's action on these two motions.

General Laws c. 231, § 97, provides in pertinent part that "a party aggrieved by the judgment of a district court in a civil action which could not have been removed to the superior court may appeal therefrom to said court . . . within six days after the entry thereof . . . . The case shall be entered in the superior court for the same county at the return day next after the appeal has been taken and shall be there tried and determined as if originally commenced there." By virtue of this statute, Columbus had the right to appeal the order allowing Mancini's petition to the Superior Court. "A petition to vacate judgment must be brought in the court in which was entered the judgment sought to be vacated. . . . [G. L. c. 250, § 15.] Such petition is an original and independent proceeding . . . . Since by compulsion of the statute and not by voluntary election the petition was filed in the . . . [Municipal] Court where the judgment was entered, appeal from action on the petition lay to the Superior Court." *Hopkinton* v. *B. F. Sturtevant Co.* 285 Mass. 272, 275. *Anderson* v. *Goodman*, 341 Mass. 704, 705. See *Lynn Gas & Elec. Co.* v. *Creditors Natl. Clearing House*, 235 Mass. 114, 115. Since Columbus had the right under G. L. c. 231, § 97, to appeal the case to the Superior Court, it also had the right to have the case "tried and determined [in the Superior Court] as if originally commenced there." It was therefore error to dismiss the appeal without trial.

In allowing the motion of Mancini to dismiss the appeal of Columbus, the judge did not specify the ground for his action. That motion alleged in part that St. 1969, c. 290, permitted the allowance of a petition to vacate judgment without requiring the petitioner to file a bond. The combined effect of the judge's action on the two motions indicates that he was of the opinion that the law permitted the allowance of the petition to vacate the judgment without filing a bond. If so, we do not agree with that opinion.

General Laws c. 250, § 17, provides in part that "[e]xcept as hereinafter provided, the petitioner shall, before judgment is vacated under such petition and before execution is stayed or superseded, give bond to the adverse party with security approved by the court," to secure payment of the costs or the judgment in various circumstances specified in the statute. The only exception to the requirement for a bond is found in § 18 which provides in part that "[i]f the petitioner had no actual knowledge before the judgment was entered that the action was pending against him and there was no attachment of property in the original action, the judgment may be vacated and the execution stayed or superseded without security." Mancini does not come within the exception because he had "actual knowledge before the judgment was entered that the action was pending against him." This is clear from the fact that he wrote to the court stating he did not deny the claim and that he could not pay it.

In *Davis* v. *National Life Ins. Co.* 187 Mass. 468, 470, it was held that where the petitioner seeking to vacate a judgment did not come within the statutory exception, "there was an error of law in making the final order [allowing the petition] without the filing of a bond." In that case the order was "set aside, the judgment reversed, and the petition remanded to the Superior Court for further proceedings." In the more recent case of *Fox* v. *Bottomly*, 341 Mass. 701, 703, we held that "[a] bond must be given under G. L. (Ter. Ed.) c. 250, § 17, unless the case is within the exception stated in G. L. (Ter. Ed.) c. 250, § 18." See *Sands, Taylor & Wood Co.* v. *American Ins. Co.* 349 Mass. 477, 478. Therefore, Mancini was required to file a bond before the judgment against him could be vacated.

Statute 1969, c. 290, relied on by Mancini as one of the grounds for his motion to dismiss the appeal by Columbus to the Superior Court does not apply to this case. Despite its title which is "An Act authorizing the court to vacate judgment and stay execution thereof without requiring security or bond," it does not amend any of the statutes

relating to petitions to vacate judgments, but amends only
G. L. c. 250, § 24, relating to writs of review.[1]  Writs of
review as governed by G. L. c. 250, §§ 21–36, inclusive, pro-
vide a means of relief from final judgments and decrees
which is separate and distinct from the means of relief pro-
vided by petitions under §§ 14–20, inclusive, to vacate
judgments.  See *Skillings* v. *Massachusetts Benefit Assn.*
151 Mass. 321, 322; *Stillman* v. *Donovan,* 170 Mass. 360;
*Clarke* v. *Bacall,* 171 Mass. 292; *Maker* v. *Bouthier,* 242
Mass. 20, 22; *Robinson* v. *Lyndonville Creamery Assn.* 284
Mass. 396, 399; *Reubens* v. *Boston Fed. Sav. & Loan Assn.*
342 Mass. 483.

*Exceptions sustained.*

[1] General Laws c. 250, § 24, as amended by St. 1969, c. 290, adding the
last sentence thereto, reads in pertinent part as follows: "Except as herein-
after provided, the petitioner for a writ of review shall, before execution is
stayed or superseded, give bond to the adverse party with security approved
by the court" to secure payment of costs or the judgment in various circum-
stances specified under the statute, and then concludes with the following new
sentence: "The court may, in its discretion, vacate judgment and stay or
supersede execution thereof without requiring bond or security, if it is satis-
fied that the petitioner has insufficient funds available to him to furnish the
necessary bond or security."  Section 25 contains an exception to the re-
quirement of a bond for a writ of review "if the petitioner had no actual
knowledge before the judgment was entered that the action was pending
against him and there was no attachment of property in the original ac-
tion . . . ."  This is similar to § 18 making a like exception from the bond
requirements for petitions to vacate judgments.