ARMOUR & COMPANY, INC. *vs.* ROYAL INDEMNITY COMPANY (and a companion case). November 3, 1972. By a bill of exceptions in one case and an appeal in the other, Armour & Company, Inc. (Armour), brings to us the question whether the trial judge correctly ruled that Armour has no rights on a bond given by a surety and two individual principals to vacate a judgment by default. The judgment was entered for Armour against the individual principals and a corporation in February, 1969. The bond was filed on December 12, 1969, and the next day the judgment was vacated as to the individual principals only. Later, by agreement of all parties, the judgment was vacated as to the corporation, which never filed a bond. Still later, after trial,

there was a finding for the individual defendants and a finding for Armour against the corporation. In May, 1970, execution was issued against the corporation, and these cases followed. The cases are governed by *Sands, Taylor & Wood Co.* v. *American Ins. Co.* 349 Mass. 477, 478. As we said in the *Sands* case, G. L. c. 250, § 17, "so describes the condition of the required bond as to show that it is only a judgment against the petitioner, the 'obligor' on the bond, with which the bond is concerned." It is immaterial that an additional ground of that decision, that under the statute the bond was limited to an execution " 'on any judgment *thereafter* rendered in said action' " (*id.* at 479), — i.e., on a judgment rendered after the default judgment is vacated, — does not apply to the present cases. Although the default judgment against the corporation was later vacated and a judgment against the corporation was "thereafter rendered," at the time the bond was given the corporation was "a stranger to the proceedings to vacate judgment" (*id.* at 479).

*Exceptions overruled.*
*Decree affirmed with costs of appeal.*

The case was submitted on briefs.
*Joseph Krinsky* for Armour & Company, Inc.
*Louis Karp* for Samuel Goldberg & another.