MARION H. FREEDMAN *vs.* RENT CONTROL ADMINISTRATOR OF CAMBRIDGE & another. July 2, 1973. This case was commenced in the Third District Court of Eastern Middlesex by the plaintiff-tenant's petition to set aside actions of the rent control administrator under St. 1970, c. 842 (Rent Control Statute), § 10. Plaintiff's landlord, Improved Realty Corporation, was joined as a codefendant. Following an adverse decision of the District Court, the plaintiff filed a claim of appeal, which incorporated a claim of a trial de novo by a jury, to the Superior Court. The landlord filed a motion to dismiss the appeal or to remand it to the District Court, asserting that the appeal was improperly before the Superior Court. A judge of the Superior Court entered an order denying the motion and then reported his decision to the Supreme Judicial Court, G. L. c. 231, § 111, which in turn transferred the matter to us, G. L. c. 211A, § 12. Section 10(a) of the Rent Control Statute reads in part: "All orders, judgments and decrees of such district court may be appealed as is provided in the case of a civil action in such district court." Section 10(b) of that statute provides that "[t]he district court within the territorial jurisdiction of which is located the controlled rental unit affected shall have exclusive original jurisdiction over actions brought under" the Rent Control Statute. Consequently, the plaintiff was required to commence her action in the Third District Court of Eastern Middlesex and the landlord could not have removed it to the Superior Court pursuant to G. L. c. 231, § 104. Where an action cannot be brought in the Superior Court and the parties have no election as to the forum, an appeal therefrom is to the Superior Court, not to the Appellate Division of the District Courts. G. L. c. 231, § 97. *Lynn Gas & Elec. Co.* v. *Creditor Natl. Clearing House,* 235 Mass. 114, 115-116. *Donnelly* v. *Montague,* 305 Mass. 14, 16-17. *Mancini* v. *Columbus Auto Body, Inc.* 359 Mass. 586. It follows that the order of the Superior Court denying the landlord's motion was correct.

*Order affirmed.*

*Irving Karg* for Improved Realty Corporation.
*Philip S. Shaw* for Marion H. Freedman.
*Paul A. Kramer* for Rent Control Administrator of Cambridge.

RUTH HURLBURT & others *vs.* JEREMIAH J. FALVEY. July 16, 1973. In this tort action arising out of an automobile accident service of process was made on the defendant in the manner provided in G. L. c. 90, § 3D, by service upon the Registrar of Motor Vehicles. There was abundant evidence to warrant the finding of a District Court judge that the person thus served was the owner and operator of the automobile that was involved in the collision with the automobile in which the plaintiffs were riding. *Ryan* v. *DiPaolo,* 313 Mass. 492 (1943). We consider this appeal to be without merit. The order dismissing the report is affirmed.

*So ordered.*

*David W. Kelley* for the defendant.
*John F. Dargin, Jr.,* for the plaintiffs.