Furnari, J.
This is a Dist./Mun. Cts. R. A D. A., Rule 8A Expedited Appeal by the defendant, Registry of Motor Vehicles (“Registry”), of a judicial order reversing the Registry’s G.L.c. 90, §24(1) (g) administrative decision to uphold the suspension of the plaintiffs driver’s license.
The record indicates that on January 28,1995, the plaintiff was arrested by the Burlington Police for operating under the influence of intoxicating liquor on a public way in violation of G.L.c. 90, §24. Upon the plaintiffs refusal to submit to a chemical/breathalyzer test at the station, the police seized and destroyed the plaintiff’s driver’s license and issued a temporary license and notice of suspension to him. G.L.c. 90, §24(1) (f).
Pursuant to G.L.c. 90, §24(1) (g),[1] the plaintiff reasonably requested a hearing before the Registry as to the validity of his license suspension. Following a February 25,1995 hearing, the Registry upheld the suspension.
The plaintiff thereafter filed a petition for judicial review of the Registry’s decision in the Woburn Division of the District Court Department. After hearing, the court reversed the Registry’s decision as arbitrary and capricious on the grounds that the conclusions of the Registry’s hearing officer were unsupported by any findings of fact.
1. It is essential to note at the outset that the Registry’s Dist./Mun. Cts. R. A D. A., Rule 8A expedited appeal presents an immediate issue as to the jurisdiction of the Appellate Division to provide further review of a decision upon a G.L.c. 90, §24(l)(g) petition for judicial review in the district court. Neither party has addressed or argued the fundamental question of this Division’s subject matter jurisdiction herein. It is well established, however, that it is a court’s duty to iden *130 tify and decide a jurisdictional issue irrespective of the procedural stage at which it is first noted and despite the failure of either party to have raised it. Bushnell v. Bushnell, 393 Mass. 462, 465 (1984); Karbowski v. Bradgate Assoc., Inc., 25 Mass. App. Ct. 526, 527 (1988). Upon a determination that jurisdiction is lacking, an appellate court is clearly obligated to dismiss the appeal and to refrain from any consideration of the substantive issues which are beyond the court’s authority to review and resolve. Henry L. Sawyer Co. v. Boyajian, 303 Mass. 311, 314 (1938).
2. Contrary to the conclusory responses by counsel for both parties to our jurisdictional inquiry at oral argument, Section 24(1) (g) of G.L.c. 90 does not authorize the Appellate Division to provide further review of petitions for district court review of Registry administrative action on license suspensions. With respect to judicial review, the statute states only that the person aggrieved by Registry action is entitled to file a petition for judicial review in the district court for the district in which the offense occurred. The statute is silent as to any further appeal from the district court’s determination, or the properjudicial forum for the same.
Given the absence of an express Legislative grant of jurisdiction to the Appellate Division, we are compelled to conclude that the Division lacks the requisite authority to review G.L.c. 90, §24(1) (g) judicial decisions. Although G.L.c. 231, §108 grants jurisdiction to the Appellate Division of “matters of law arising in civil cases” in the district courts, such jurisdiction is generally deemed to encompass only those civil matters which a party elects to bring in the district court and to exclude those matters which a party is compelled to initiate in the district court. Donnelly v. Montague, 305 Mass. 14, 17 (1940); Freedman v. Rent Control Administrator of Cambridge, 1 Mass. App. Ct. 836 (1973). As G.L.c. 90, §24 (1) (g) designates the district court as the exclusive forum for petitions for review of Registry action on license suspensions under §24(1) (f), the plaintiff was obviously required to file his petition in the district court. The Registry could not, therefore, appeal the district court’s decision on such petition to this Division. See, Gentile v. Rent Control Board of Somerville, 365 Mass. 343, 346 (1974).
The Appellate Division’s lack of G.L.c. 90, §24(1) (g) jurisdiction is also apparent from the character of the proceedings in question. The district court action was a petition for judicial review of an administrative ruling by the Registry. Generally,
[i] n the area of administrative law, further review by the Appellate Division of petitions for review has not been favored, absent an unambiguous legislative intent to the contrary.
Walker v. Board of Appeals of Harwich, 388 Mass. 42, 49 n.6 (1983). As noted, no such Legislative intent is apparent in G.L.c. 90, §24(1) (g).
3. Accordingly, the Registry’s appeal is hereby dismissed for lack of jurisdiction. So ordered.

The statute provides, in relevant part: “Any person whose license ... to operate has been suspended under subparagraph (1) of paragraph (f) shall, within fifteen days of suspension, be entitled to a hearing before the registrar ... Within thirty-days of the issuance of the final determination by the registrar following a hearing under this paragraph, a person aggrieved by the determination shall have the right to file a petition in the district court for the judicial district in which the offense occurred for judicial review. The filing of a petition for judicial review shall not stay the revocation or suspension. The filing of a petition for judicial review shall be had as soon as possible following the submission of said request, but not later than thirty days following the submission thereof. Review by the court shall be on the record established at the hearing before the registrar. If the court finds that the department exceeded its constitutional or statutory authority, made an erroneous interpretation of the law, acted in an arbitrary and capricious manner, or made a determination which is unsupported by the evidence in the record, the court may reverse the registrar’s determination.”